[Crim. No. 3548. In Bank.—November 1, 1932.]

In the Matter of the Application of JAMES BOAT-WRIGHT for a Writ of Habeas Corpus.

E. E. Keyes for Petitioner.

Willard W. Shea, Public Defender and Hugh Kenneth Forsman, Deputy Public Defender, *Amici Curiae* on Behalf of Petitioner.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SEAWELL, J.—The petitioner, James Boatwright, who at present is incarcerated in the state prison at San Quentin, seeks by this application for a writ of *habeas corpus* to be discharged therefrom. The facts upon which the petition is based are as follows:

On October 4, 1927, by an information filed in Fresno County, petitioner was charged with "a felony, to-wit: Petit Theft, with Prior Convictions". The charge was based on the alleged theft by petitioner of certain articles valued at $25. The information, in addition to charging the petit theft likewise charged petitioner with four previous felony convictions, as follows: burglary in Oklahoma; first degree burglary in Los Angeles County; attempt to commit burglary, second degree, in the city and county of San Francisco, and second degree burglary in Yolo County. In each case the information charged that Boatwright had previously been convicted of the offense, "that the judgment upon said conviction [or plea of guilty] was pronounced, given and made [setting forth the date thereof] . . . and has never since been reversed, annulled or set aside". In no case did the information charge that petitioner had served a term in any penal institution for any of the prior felonies. Upon arraignment, petitioner pleaded not guilty to the charge of petit theft, but admitted "said prior conviction as charged in the information". In due course, petitioner was tried on the petty theft charge and was found "Guilty as charged in the information." No evidence was introduced at the trial concerning the prior convictions. On November 5, 1927, petitioner appeared for sentence. At that time, the sentencing judge interrogated petitioner concerning the prior convictions, and elicited the information from him that he had been convicted of three former felonies, and had served time in a penal institution for each of them. He denied that he

had been convicted of a fourth felony, alleged to have been committed in San Francisco. The fourth conviction, however, is immaterial. After this interrogation, the court pronounced the following sentence:

"*That Whereas,* The said James Boatwright, having been convicted of the crime of petit theft with prior convictions,

"It is Therefore ordered, adjudged and decreed, that the said James Boatwright be punished by imprisonment in the State Prison of the state of California, at San Quentin, California, until legally discharged."

So far as the record shows, no appeal was taken from that judgment. Pursuant to the judgment, petitioner was taken to San Quentin on November 6, 1927, where he ever since has been held in execution of the sentence. Petitioner contends that he has long since served the time required by the judgment. He contends, in the first place, that petit larceny is not a felony, but is only a misdemeanor; that in order to give petit larceny the status of a felony, under the provisions of section 667, subdivision 2, of the Penal Code, as it read in 1927, it was necessary for the prosecution to plead and prove not only the prior felony convictions, but also that petitioner had served a term therefor in some penal institution; that since the prosecution failed to plead or prove the fact of service of a term in a penal institution, all that petitioner has been convicted of is petit larceny with prior felony convictions, which is only a misdemeanor.

In the second place, petitioner contends that even if he has been convicted of a felony, the maximum penalty therefor is five years under the express terms of section 667, subdivision 2, of the Penal Code as it read in 1927. Petitioner urges that the five-year sentence, less the credits which it is alleged, and not denied, he has earned, has long since expired. The warden of San Quentin, however, has refused to release petitioner, for the reason that he interprets the judgment of conviction as one imposing a life sentence, without parole, under the terms of the Habitual Criminal Act, as contained in section 644 of the Penal Code, as it read in 1927.

■ The information, being in the language of the statute, is sufficient. Section 969 of the Penal Code provides: "In charging in an indictment or information the fact of a previous conviction of felony, . . . it is sufficient to state

'That the defendant, before the commission of the offense charged in this indictment or information, was . . . convicted of a felony. . . . ' If more than one previous conviction is charged, the date of the judgment upon each conviction may be stated, and all known previous convictions, whether in this state or elsewhere, must be charged.''

The prior convictions were specifically set forth and were in full compliance with the above section of the Penal Code.

It is true that the information did not specifically allege that the petitioner had served time upon each of the prior convictions alleged against him. As we have observed, the statute did not make such an allegation an essential part of the pleading. (Sec. 969, Pen. Code, as amended in 1927, Deering.) It was essential, however, that proof of service under said prior convictions in a penal institution be shown, in order to give the court jurisdiction to adjudge the defendant an habitual criminal. At least three felonies having been alleged against petitioner, for each of which he admitted, before the pronouncing of judgment, that he had served a term in a penal institution, as required by section 667 of said Penal Code, as it stood at the time of conviction, we are of the view that the fact that the information was silent on this subject would not entitle him to his discharge. It may be observed that the better practice would be to allege service of time under said prior convictions, but inasmuch as the petitioner admitted before the court pronounced its sentence upon him that he had served a term in a penal institution upon three of said prior convictions, we are at a loss to understand how he could have suffered any prejudice by a failure of the information to contain the matter which was necessary to give the court jurisdiction to adjudge him to be an habitual criminal.

Section 4½, article VI, of the Constitution provides: ''No judgment shall be set aside, or new trial granted, in any case, . . . for an error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

How can it be said, in the light of the facts presented by the petitioner, that petitioner has in anywise suffered prejudice by the omission of the information to state

that he had served time in a penal institution under said previous convictions upon his admission before judgment that he had served a term in a penal institution on account of each conviction? There is no authority in this state, including the two leading cases relied upon by petitioner, to wit, *People* v. *Dawson,* 210 Cal. 366 [292 Pac. 267], and *People* v. *Sampson,* 99 Cal. App. 306 [278 Pac. 492], which so holds. The most that can be said for those cases is that, while the information did not charge service of time under said convictions, it was not shown, as a matter of fact, that the defendants in those cases had actually served a term under said prior convictions. And further, the applicability of section 4½, article VI, to said cases was not brought to the attention of the court and, therefore, it gave no consideration to the aptness of the provision as it confronts us in the instant case.

As above observed, we are of the view that it is the better practice to allege not only the prior convictions in the manner pointed out by the statute, but also the fact that a term was served under each. This, at least, would be the safe rule to be followed in all such cases.

We now come to a more serious question.

Section 667 of the Penal Code, so far as here pertinent, as it stood in 1927, provided: "Every person who, having been convicted of any offense punishable by imprisonment in the state prison, and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison, such person is punishable by imprisonment in the state prison for the maximum period for which he might have been sentenced, if such offense had been his first offense.

"2. If the subsequent conviction is for petit larceny, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding five years, provided, however, that any person who has been, or who shall hereafter be, sentenced to the state prison shall be subject to parole by the state board of prison directors, under the restrictions now provided by law for the parole of first-term prisoners, any act to the contrary notwithstanding."

Section 644 of the Penal Code, as it stood at the time of petitioner's conviction, provided that every person convicted in this state of any felony, who shall previously have been three times convicted, whether in this state or elsewhere, of the crimes of which petitioner admitted that he had served a sentence therefor, shall be punished by imprisonment in the state penitentiary for not less than life.

The question presented is whether or not the conviction of petitioner herein on the charge of petit theft, taking into consideration the prior convictions which he had suffered, amounted to a felony. If not, then a greater punishment than imprisonment for five years could not have been imposed. In other words, is not the language of section 667, as the law stood when petitioner was convicted, so specific as to make it clear that the legislature *ex industria* provided that, upon a conviction of *petit larceny*, prior convictions, however many, could not be considered in their cumulative effect to exceed a maximum of five years' imprisonment?

Petit larceny, or petit theft, is not of itself a felony, and becomes such only when it is superadded to some other offense of which the party charged has suffered conviction, and this is done, not to enlarge the scope of the crime, but to add to the punishment of the person who commits it, for his many prior violations of the law.

The language of our statute is so clear and unequivocal as to compel this court to hold that the legislature intended, by the enactment of said subdivision 2 of section 667 of the Penal Code, under which petitioner was convicted, that on a conviction of petit theft, no greater penalty is to be imposed than imprisonment for a period of five years, notwithstanding the fact that the defendant had suffered other convictions and served time thereunder on more serious charges than the petit charge, of which he was lastly convicted. The section of the code deals *ex industria* with a specific subject and leaves nothing open for construction.

It is brought to our attention that the warden of the state prisons, in the interest of the discipline of said prisons, are desirous that this court should pass upon the question as to whether or not the court, in pronouncing judgment, should make the order, where the facts warrant such finding, that the person charged is an habitual criminal. The question is not directly involved in the instant case, inas-

much as we are of the view that the prisoner is entitled to his discharge on the ground that he has served the time prescribed by statute as a punishment for the crime of which he was convicted. However, if the question were before us, we would be inclined to hold that it is the duty of the judges of the superior court, in pronouncing judgment in like cases, to recite in their commitments or judgments briefly the crimes of which the defendant was previously convicted, and also find as a fact whether or not the defendant had served time therefor and, if so, make a formal adjudication that the defendant is an habitual criminal. Our views in this respect are at least impliedly, if not expressly, supported by the language of section 644 of the Penal Code, as it now stands, which, in naming the offenses constituting an habitual criminal, uses the language that such person "shall be *adjudged* an habitual criminal and shall be punished by imprisonment in the state prison. . . . " Courts in criminal matters are the only ones empowered to pronounce judgments, and the language above quoted is sufficient in itself to justify the conclusion that the adjudication of habitual criminals should be pronounced by the court. We do not mean to say, however, that in those cases where a formal order has not been made by the court, the omission could not be supplied by the return of the prisoner to the court which pronounced the judgment in the first instance. An appropriate order, under former conditions not dissimilar to this, would be a precedent for such action. The subject fully comes within this court's ruling upon its consideration of the question of indeterminate sentences. This subject is fully covered in 8 California Jurisprudence, section 495, notes and cases therein cited. It is, therefore, unnecessary to discuss the subject further at this time.

We are of the view that the writ should be granted and the prisoner discharged from custody, it appearing that he has served a term greater than five years.

It is so ordered.

Preston, J., and Waste, C. J., concurred.

CURTIS, J., Concurring.—I concur in the judgment but not upon the grounds stated in the opinion. On the other hand, I think the petitioner is entitled to his discharge for

the reason that it was not alleged in the information under which he was prosecuted that he had served a term of imprisonment under his prior convictions, or under any of them. Section 667 of the Penal Code as it stood prior to its amendment in 1931 required in the words of the main opinion, *ex industria,* that an accused convicted of petit theft, after a prior conviction of a felony, shall have served a term of imprisonment therefor in a penal institution before the crime of petit theft can be raised to a felony. In construing this section we held in *People* v. *Dawson,* 210 Cal. 366, 292 Pac. 267, that it was necessary to allege and prove all the statutory requirements going to make up the crime charged, and that a judgment based upon an information charging the defendant with forgery and a prior conviction of a felony without alleging that the defendant had served a term of imprisonment therefor, would be construed simply as a judgment that the defendant be punished, not as prescribed by section 667 of the Penal Code, but only as was provided by the appropriate statute for a first offender convicted of a crime of forgery. Applying the principle of law enunciated in that case to the judgment under which the petitioner was sentenced, all we have is a judgment of conviction of petit theft. The information here, as in the case of *People* v. *Dawson, supra,* failed to bring the case against the defendant charged within the terms of section 667 of the Penal Code. As the requirements of the statute regarding service of time after previous conviction was one of the essential elements of the crime of which petitioner was convicted, it would be violative of one of his substantial rights to punish him therefor without charging and proving this element of the offense. In such a case section 4½ of article VI of the Constitution should not be applied. The fact that the petitioner after his trial admitted that he had served time on one or more of these prior convictions would not, in my opinion, cure the fatal defect in the information.