[Crim. No. 2524. Second Appellate District, Division One.—January 18, 1935.]

THE PEOPLE, Respondent, v. JOE VALDEZ, Appellant.

Joe Valdez, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellant was convicted on two counts charging the crime of kidnaping. The evidence shows that

the defendant was being transported to the state prison to serve a term after conviction of a felony. The officer in charge was a deputy sheriff, and the deputy's wife was riding in the automobile with her husband and the prisoner. When they arrived at a point near Richmond, in the county of Contra Costa, the defendant obtained possession of a revolver, by the threatened use of which he compelled the deputy to transport him to the county of Los Angeles, at which place the sheriff and the sheriff's wife were released from the custody and control of the defendant. Having been convicted on two counts of the crime of kidnaping, defendant appeals from the judgment, and from an order denying his motion for a new trial. Appellant appears *in propria persona*, and presents his case by brief. Several grounds of appeal are stated in the brief, but no argument is presented in support of any of them, other than on his claim that the evidence is not sufficient to support the verdict.

 After reading the transcript of the evidence, we find that there is no merit in appellant's contention that the evidence is not sufficient to sustain the conviction.

Furthermore, except as hereinafter stated, there is no merit in appellant's other stated grounds of appeal. He asserts that by its judgment the court pronounced a higher and different punishment than that prescribed by law.

 The crime charged against defendant was the crime of kidnaping, only within the definition of that crime as it is described in section 207 of the Penal Code. The term of imprisonment therefor is not less than one nor more than twenty-five years. (Pen. Code, sec. 208.) The defendant, prior to this offense of kidnaping, had been convicted of robbery and served a term of imprisonment therefor, in the state of Utah. Also he had been again convicted of robbery in this state, but had not yet served any term of imprisonment under that conviction. Therefore he was not, and could not be, "adjudged an habitual criminal" (Pen. Code, sec. 644), and was not subject to sentence of imprisonment for life. The judgment in this case properly ordered that he be punished by imprisonment "for the term prescribed by law". But there is in the judgment, following the words last quoted, a further "recommendation" hereinafter

quoted. This "recommendation" is not in any legal sense a part of the judgment. In order to avoid any future misunderstanding, it should be stricken out.

The judgment as entered is hereby modified by striking therefrom the following words: "The court recommends that defendant be imprisoned for the rest of his natural life." As thus modified, the judgment is affirmed. The order denying defendant's motion for a new trial is affirmed.

Houser, J., and York, J., concurred.