[Crim. No. 356. Fourth Appellate District.—January 14, 1938.]

THE PEOPLE, Respondent, v. THEODORE McGEE, Appellant.

Theodore McGee, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged in an information filed in Riverside County with the commission of a felony and also with three prior convictions of felonies, and was found guilty. On February 27, 1936, he was sentenced to confinement in the state prison "for the term as prescribed by law for life as an habitual criminal, and that he not to be eligible for release on parole until he has served a minimum of at least twelve (12) years". On April 7, 1937, the defendant filed in the Superior Court of Riverside County notice of a motion to modify the judgment by striking out the portion thereof adjudging him to be an habitual criminal, upon the ground that that portion of the judgment is illegal in that it is founded upon an information charging three prior convictions while only one of those prior convictions comes within the meaning and import of section 644 of the Penal Code as limited by section 668 of that code. This appeal is from an order denying that motion.

The appellant contends that the judgment is absolutely void upon its face because he was charged with three prior convictions which, if proved, would under section 644 of the Penal Code have subjected him to imprisonment for life without the possibility of parole while the judgment as rendered sentenced him as an habitual criminal but eligible to parole after twelve years. It is argued that this indicates that "the court of Riverside county was not certain as to some of the prior convictions" and that the judgment is, therefore, void upon its face. It is also argued that as a matter of fact two of the prior convictions alleged in the information are not such within the meaning and effect of section 644 of the Penal Code.

The information charges that the appellant was convicted in the United States District Court for the Northern District of Oklahoma of the crime of a felony, to wit, possession and sale of whiskey, that judgment was pronounced, and that he served a term of imprisonment therefor in the United States penitentiary at Fort Leavenworth. It is next charged that the appellant was convicted in the District Court of the State of Oklahoma in and for the County of Washington of the crime of a felony, to wit, the larceny of an automobile, that judgment was pronounced and that he served a term of imprisonment therefor in the state prison. It is further charged that the appellant was in the District Court of Oklahoma in and for the County of Washington convicted of a crime of a felony, to wit, attempting to pass a forged instrument, that judgment was pronounced and that he served a term of imprisonment therefor in the state reformatory.

No contention is made that the conviction for larceny of an automobile does not come within the purport and meaning of section 644 of the Penal Code. The respondent concedes that the conviction of possession and sale of whiskey is not one of the crimes listed in that section. So far as the merits of this case are concerned the correctness of the judgment depends upon whether the conviction of the appellant on the charge of attempting to pass a forged instrument and his punishment therefor is such a prior conviction as comes within the provisions of section 644. The appellant contends that it does not because the crime charged in that connection, that of attempting to pass a forged instrument,

is not one of the crimes mentioned in section 644 and because that section of the Penal Code is based upon the serving of a term in any state prison or federal penitentiary, and not upon the serving of a term in a state reformatory. In connection with the latter of these contentions the appellant states in his brief that he served this term in a boys' reformatory and not in a men's reformatory. But the record before us shows nothing in this connection except the allegation in the information. ▪ It is incumbent upon the appellant to show error if any existed and in the absence of anything to show the contrary it must be presumed, in favor of the judgment, that the necessary facts were before the court, and it cannot be held from the allegation of the information alone that this particular prior conviction was not one within the meaning and intent of section 644. (*In re Brady*, 5 Cal. (2d) 224 [53 Pac. (2d) 945].)

▪ Appellant's main contention with respect to the insufficiency of the prior conviction which we are now considering is that the crime of attempting to pass a forged instrument is not named in section 644 as one of the crimes for which a conviction shall be considered in fixing the status of a defendant as an habitual criminal. Section 668 of the Penal Code brings within the purview of section 644 any offense committed in another state which would have been punishable by imprisonment in the state prison if committed in this state. Section 470 of the Penal Code, in defining forgery, declares that anyone who utters, publishes, passes or attempts to pass as true and genuine any of the instruments which are made the subjects of forgery in the section is guilty of forgery. In so far as here appears the offense with which the appellant was charged and convicted in the Oklahoma court is by this section particularly declared to be a forgery, which offense is included in the crimes listed in section 644. Under the code sections which have been mentioned the prior conviction in question was one which could properly have been considered by the court in passing judgment. In so far as here appears two prior convictions were proven bringing the appellant within one of the classes of habitual criminals mentioned in section 644. It follows that the judgment as rendered instead of being absolutely void was not even erroneous.

The respondent raises the further point that under the circumstances here appearing an appeal does not lie from an order denying a motion to modify a judgment. We have preferred to consider the appeal upon its merits without considering that question.

The order appealed from is affirmed.

Marks, J., concurred.