[Civ. No. 6158.   Third Appellate District.—November 21, 1938.]

WILMER C. SPIVEY, Petitioner, v. JOHN D. McGIL-VRAY et al., Respondents.

Wilmer C. Spivey, *in pro. per.,* for Petitioner.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondents.

PULLEN, P. J.—In March, 1935, by an amended information petitioner was charged with robbery in three counts and with three prior convictions. Upon arraignment defendant entered pleas of not guilty to the three counts of robbery and admitted the three prior convictions. After a trial by jury the defendant was found guilty of two of the charges of robbery of the first degree and not guilty of robbery as charged in the first count. Upon arraignment for judgment the court found and defendant admitted that he had been convicted of three prior felonies, i. e., grand theft, burglary of the second degree, and a violation of section 144 of the California Vehicle Act. Defendant was then sentenced to state prison upon the offenses charged in the second and third counts of the information, the sentences to run consecutively, both being for robbery of the first degree, the defendant having been armed with a deadly weapon at the time of the robberies. The court also found that

defendant had been previously twice convicted of felonies, i. e., grand theft and burglary of the second degree, and thereupon adjudged defendant an habitual criminal.

Thereafter on April 22, 1938, upon motion, the court ordered stricken from its judgment that portion thereof adjudging defendant, under the provisions of section 644 of the Penal Code, an habitual criminal.

In spite of such amended and modified judgment it is alleged the board of prison directors refused to be governed by such modified judgment upon the ground that the superior court had lost jurisdiction to modify its judgment. Petitioner now seeks by this motion to compel the board of prison directors to proceed in accordance with the terms of such modified judgment.

It seems to have been the theory of the trial court, and the contention of petitioner here, that since petitioner did not serve separate terms of imprisonment as the result of his prior convictions for burglary and grand theft that he was improperly found to be an habitual criminal.

These offenses were committed prior to 1931. At that time section 644 of the Penal Code read:

"Every person convicted in this state of any felony, who shall have been previously twice convicted upon charges separately brought and tried . . . in this state or elsewhere, of the crime of . . . burglary . . . grand theft. . . . or any of them, shall be adjudged an habitual criminal."

It will be seen from the foregoing section that while it was required that the prior convictions be upon charges separately brought and tried, there is no provision that separate terms of imprisonment be served as a result thereof. The prior conviction of burglary in the first degree was had on April 16, 1929, and the prior conviction of grand theft was entered May 28, 1929, so these charges were separately brought and separately tried. The fact that the imprisonment for these offenses may have run concurrently is not important.

By statute of 1935, page 1699, the Habitual Criminal Act was amended to provide that a defendant must have served separate terms as a result of his prior convictions, but this amendment is not applicable to petitioner's case as the law as it existed at the time of the commencement of the offense is controlling. (*People* v. *Vaile,* 2 Cal. (2d)

441 [42 Pac. (2d) 321].) Furthermore, the fact the statute was amended to provide that separate terms must be served is an indication that such was not necessary under the law as it existed prior to the amendment. ■ Petitioner contends that before a prior conviction could be charged against him the sentence pronounced therein must have been fully served. In his case at the time of his last arrest he was still on parole. The section does not so require, and such a contention is entirely foreign to the spirit and purpose of the act.

■ The prison board is also correct in its position that the superior court was without jurisdiction in vacating the previous judgment and attempting to enter an amended judgment, some three years thereafter. A trial court may vacate an erroneous judgment, and enter another judgment before execution has been entered upon, but not afterward. (8 Cal. Jur. 478, and cases therein cited.) In *In re Bost*, 214 Cal. 150 [4 Pac. (2d) 534], the superior court attempted to enter an order different from the original order by which the defendant had been committed to the warden. The court there said:

"It has been held in this state that the trial court is without the power, after a valid judgment is in the process of execution, to set it aside and pronounce a new judgment."

■ Petitioner also contends the prison board, being administrative in its functions, has no power to judicially pass upon the validity of the judgment. Petitioner, however, has misconstrued the act of the board. It was not attempting to exercise any judicial function, but merely refused to act until the judicial branch of the state had directed it to do so. The demurrer is sustained and the petition dismissed.

Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1938, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1939. Langdon, J., voted for a hearing.