[Civ. No. 11881. First Dist., Div. One. Apr. 30, 1942.]

DAVID KOSHABA, Respondent, v. GEORGE KOSHABA et al., Appellants.

D. W. Brobst and Frederick Dubovsky for Appellants.

McKee, Tasheira & Wahrhaftig and Ingemar E. Hoberg for Respondent.

GOODELL, J. pro tem.—The respondent has moved for a dismissal of this appeal. The appeal to which the motion is addressed is from an order refusing to set aside an earlier order which terminated proceedings for a transcript on appeal in the main case. In the main case judgment was entered in favor of respondent and against appellants on October 17, 1938. A motion for new trial was denied and on December 28, 1938, a notice of appeal from the judgment was filed and a request made for a transcript. There was delay in its preparation, and on April 24, 1939, respondent served upon appellants a notice of motion to terminate the proceedings in the trial court, upon the ground that the transcript had not been filed and that no extensions of time for its preparation had been given either by the court or by stipulation, which motion was granted on May 2, 1939.

On June 21, 1939, appellants served upon respondent a "Notice of motion for relief under the provisions of section 473 . . . in the matter of settling transcript upon appeal" which stated that the appellants would move the court for an order setting aside the order theretofore made, "upon the ground that the failure to procure a transcript and having said transcript settled occurred through the mistake, inadvertence and excusable neglect of counsel for defendants and of the shorthand reporter in the above entitled cause." The notice was accompanied by an affidavit of appellants' counsel, and a counter-affidavit was filed by respondent's counsel. The motion was presented on June 29, 1939, and denied on August 17, 1939.

On August 24, 1939, appellants filed a notice of appeal from the order of August 17, 1939, "and from the order terminating proceedings for a transcript on appeal made and entered on the 2d day of May, 1939."

No appeal from the first order—that of May 2, 1939—was attempted to be taken until August 24, 1939, when the said appeal therefrom was coupled with an appeal from the second order. The appeal was, of course, ineffective with respect to the order of May 2, 1939, because not taken within sixty days. (Code Civ. Proc., § 939.)

We are satisfied that the pending appeal is also in-

effective with respect to the second order—that of August 17, 1939—because appellants' motion to set aside the order of May 2, 1939, although ostensibly made under section 473 of the Code of Civil Procedure, was nothing more nor less than an attempt by the appellants to secure a second hearing of the motion which had gone against them, and a "reversal," if possible, in the trial court of the first order, terminating the proceedings, which was itself appealable. (*Howland* v. *Howland*, 11 Cal. (2d) 20 [77 P. (2d) 475].) There are numerous cases holding that under such circumstances the second order is not appealable. The rule is stated in 2 Cal. Jur. 164, section 30, as follows: "Even where there is a right of appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of, under such circumstances that the motion merely calls upon the court to repeat or overrule the former ruling on the same facts. If the grounds upon which the party sought to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion. The party aggrieved by a judgment or order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside."

We are satisfied that the instant case is squarely within the case of *Taft* v. *Security-First National Bank*, 139 Cal. App. 228 [33 P. (2d) 638].

There is no substantial difference between the showing made on behalf of appellants at the first hearing and that made by them at the second, except that by June 6, 1939, and before the second hearing, the transcript had been completed and was tendered for certification. The trial judge having, a month before, made the order terminating proceedings, declined to sign or certify it. The appellants contend that this fact distinguishes this case from the Taft case and brings it within the holding in *Wood* v. *Peterson Farms Co.*, 214 Cal. 94, 98 [3 P. (2d) 922]. In the Wood case, there was a motion to dismiss an appeal from the judgment itself, and another motion to dismiss an appeal from an order terminating proceedings in the trial court for a reporter's transcript. Both were denied, for in each case a clerk's transcript had been filed within time which the Supreme Court held sufficient, and the court held the appeals could be heard (as they ultimately were) on such clerk's transcripts

without reporter's transcripts. The court did not on that appeal pass upon the propriety of the trial court's action in terminating proceedings. It is interesting to note that in the Wood case the reporter's transcript was tendered to the trial judge for authentication—which he refused—upon the same day that proceedings were terminated. It is of still further interest to note that on appeal the order terminating proceedings was affirmed. (*Wood* v. *Peterson Farms Co.,* 131 Cal. App. 312 [21 P. (2d) 468].) The instant case therefore is not at all similar to the Wood case.

We repeat, this case is not distinguishable from the Taft case, *supra.* The order of May 2, 1939, was an appealable order and no appeal was taken from it within the time prescribed by law. If, after the termination of proceedings, an appellant could rush the completion of a transcript and then, by tendering it, reopen the entire matter, litigation could never be brought to a conclusion.

Finally it is urged that this court should now direct the trial court to certify the transcript, as was done in *Keck* v. *Keck,* 217 Cal. 280 [18 P. (2d) 338], but in that case it appeared from the record "that appellant seasonably pursued the steps essential to the production of a proper record on appeal." In other words, in the Keck case there was no delay or other fault chargeable to the appellant.

The motion to dismiss is granted.

Peters, P. J., and Ward, J., concurred.