[Crim. No. 2241. First Dist., Div. One. Jan. 29, 1943.]

THE PEOPLE, Respondent, v. EDWARD SPALIS, Appellant.

Edward Spalis, in pro. per., for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

PETERS, P. J.—Defendant appeals from an order denying his motion to set aside an adjudication determining that he is an habitual criminal and sentencing him to life imprisonment. The motion was based on the ground that the trial court exceeded its jurisdiction in sentencing defendant under the habitual criminal statute (§ 644, Pen. Code), for the reason that there was no allegation in the information upon which the adjudication was predicated nor proof at the trial, as allegedly required by the statute, that defendant had served terms in a state or federal prison upon the three previous convictions charged in the information.

The information upon which the challenged adjudication was based was filed March 25, 1931. That information charged defendant with robbery, alleged to have been committed February 18, 1931. In addition, it charged that on November 10, 1916, defendant had been convicted in San Francisco of burglary; that on January 14, 1920, he had been convicted in San Francisco of burglary; and that on January 17, 1923, he had been convicted of assault with a deadly weapon. There were no allegations that defendant had served a prison term for any of the prior convictions.

Defendant pleaded not guilty to the robbery charge and denied the three prior convictions. In due course he was tried and convicted on the robbery charge, and the jury found that he had suffered the three priors as charged. On October 22, 1931, the trial court entered its judgment finding defendant to be an habitual criminal and sentencing him to life imprisonment without right to parole. No appeal was perfected and defendant was sent to the state's prison. The present motion to vacate the habitual criminal adjudication was filed in April, 1942, some ten and one-half years after the judgment became final.

▇ It is the theory of defendant that the trial court had no jurisdiction to adjudicate him to be an habitual criminal in the absence of an allegation in the information that defendant had served separate terms of imprisonment on the prior convictions. It is also pointed out that the judgment made no such finding.

The answer to defendant's contentions is that in February, 1931, when the robbery was committed, and in March, 1931, when the information was filed, under the law then in effect it was not necessary to allege, prove, or find, in order to adjudicate a defendant an habitual criminal under section

644 of the Penal Code, that he had served terms on the charged priors. The section was amended in 1927 (Stats. of 1927, chap. 634, p. 1066) and read, until August 14, 1931, so far as pertinent here: "Every person convicted in this state of any felony who shall have been previously three times convicted, either in this state or elsewhere, of any felony, shall be punished by imprisonment in the state prison for not less than life and shall not be eligible to parole." In February and March of 1931, section 969 of the Penal Code read as it had been amended to read in 1927 (Stats. of 1927, chap. 679, p. 1152) and as it now reads, and expressly provided the form in which previous convictions could be charged. No reference to service of terms was or is contained in that section. It was not until August of 1931 that section 644 was amended (Stats. of 1931, chap. 482, p. 1052) so as to require service of terms on the priors as a condition precedent to an adjudication that the defendant is an habitual criminal. That amendment became effective August 14, 1931.

There can be no doubt that prior to August 14, 1931, it was not necessary to allege, prove, or find that the accused had served a term on the charged priors. The Supreme Court in *In re McConnell,* 5 Cal.2d 436 [55 P.2d 205], expressly so held. In that case the appellant had been charged with grand theft on December 31, 1928, and with two prior felony convictions. He pleaded guilty to the charge of grand theft and admitted the two priors, and was duly adjudicated an habitual criminal under section 644 of the Penal Code. Several years later, and after the amendment of section 644 in 1931, he instituted this proceeding in habeas corpus and certiorari for the purpose of voiding the habitual criminal adjudication. The court disposed of this contention with the following language (p. 437):

"Petitioner's theory is that proof of an essential element necessary to adjudge him an habitual criminal is lacking, namely, service of a term of imprisonment on each of the prior convictions. *In re Fontino,* 135 Cal.App. 466 [27 P.2d 413], is cited in this connection.

"Petitioner's contention is based upon the present wording of Penal Code, section 644, as amended in 1931. The amendment added to the provision for two prior convictions the requirement that the accused have 'served a term therefor in any state prison and/or federal penitentiary.' But the section contained no such requirement in 1928, when peti-

tioner was convicted, and there is consequently no merit in the argument.

"Some confusion has been engendered by the failure of occasional decisions to take note of the date of the above mentioned amendment, or to distinguish situations arising under section 667 of the Penal Code, which before 1931 contained the requirement of service of a term of imprisonment. Thus, *People* v. *Dawson,* 210 Cal. 366 [292 P. 267], and *In re Boatwright,* 216 Cal. 677 [15 P.2d 755], were concerned with section 667. Reliance upon those decisions in cases coming within section 644 before the amendment of 1931 was manifestly improper, and *In re Fontino, supra,* insofar as it confuses the rules applicable at the time of the decision, must be disapproved."

Defendant urges that the McConnell case, *supra,* is not conclusive because, in the instant case although the three charged priors and the main offense were all committed prior to the 1931 amendment to section 644, and the information was filed prior to such amendment, he was not tried and convicted until October of 1931, after the effective date of the amendment. He urges that the law in effect at the time of his trial and conviction controls. This contention is unsound. It was expressly repudiated in *Spivey* v. *McGilvray,* 29 Cal.App.2d 357 [84 P.2d 256], where it was held, in response to a similar contention that "the law as it existed at the time of the commencement of the offense is controlling."

For these reasons it follows that it was not necessary to allege, prove, or find that defendant had served terms on the three charged priors.

■ There is another reason why the present appeal is without merit, even if it be assumed that it was necessary to show service of separate terms on the prior convictions. The transcript on the present motion discloses that the reporter's shorthand notes of the main trial have never been transcribed; that subsequent to the trial the reporter died; that, although the notes were available, no one could be found who could read the shorthand notes of the deceased reporter. For this reason there is no way of ascertaining whether evidence was introduced relating to the service of terms on the prior convictions, or whether defendant during the trial admitted such service of terms. If it be assumed that since the 1931 amendment to section 644 of the Penal Code it is necessary to allege and prove that separate terms were served on the prior con-

victions, it is well settled that an information that is deficient in this respect can be cured by evidence of the fact, or by the admission of the defendant. (*People* v. *Murray*, 42 Cal. App.2d 209 [108 P.2d 748]; *In re Boatwright*, 216 Cal. 677 [15 P.2d 755]; *People* v. *Nicholson*, 34 Cal.App.2d 327 [93 P.2d 223].) ■ Although the reporter's transcript of the original trial was not produced, at the hearing on the present motion the district attorney read into the record a portion of the minutes of the main trial. Those minutes showed that the State had introduced into evidence three certified copies of commitments against defendant, together with his fingerprints, photographs, and Bertillion cards. Those commitments showed that defendant had served one term in San Quentin and two terms in Folsom. The record on the present appeal does not show any direct connection between those commitments and the priors charged in the information. Even if this evidence did not show service of terms on the priors, and assuming such proof was jurisdictional, it must be remembered that the burden of proof on the present motion was on defendant. Through no fault of his own, but equally through no fault of the prosecuting officials, he has been forced to appeal on a transcript of what amounts to a judgment roll. Under such circumstances, it is the law that in support of the judgment, and in the absence of a contrary showing, this court must presume that evidence was introduced or defendant admitted the service of time on the priors. (*People* v. *McGee*, 24 Cal.App.2d 391 [75 P.2d 533].)

It follows that whether or not the 1931 amendment applies to this case, on its merits, the motion was properly denied. It should also be noted that there is some doubt as to whether the order appealed from is an appealable order. The grounds urged upon the motion to vacate were available to appellant upon an appeal taken from the judgment. ■ Ordinarily a party who has a right to appeal cannot forego his right to appeal, move to vacate, and then appeal from the order denying his motion. (*People* v. *Scranton*, 50 Cal.App.2d 492 [123 P.2d 132]; *Koshaba* v. *Koshaba*, 51 Cal.App.2d 602 [125 P.2d 535].) There are, however, some exceptions to that rule. (*People* v. *Flohr*, 30 Cal.App.2d 576 [86 P.2d 862]; *People* v. *Zolotoff*, 48 Cal.App.2d 360 [119 P.2d 745].) In view of the fact that the motion was properly denied on

its merits, we do not find it necessary to determine whether this case presents an exception to the general rule.

The order appealed from is affirmed.

Knight, J., and Bray, J. pro tem., concurred.

A petition for a rehearing was denied February 13, 1943, and appellant's petition for a hearing by the Supreme Court was denied February 25, 1943.