[Crim. No. 1831. Third Dist. Oct. 27, 1943.]

In re ROBERT SCHENK on Habeas Corpus.

Robert Schenk in pro. per., and A. J. Hennessy for Petitioner.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Petitioner alleges that he is unlawfully imprisoned and restrained of his liberty by the warden of the California State Prison, that he has served his legal and lawful term of imprisonment without benefit of good time credits, and that the judgment-commitments held by said warden are void for uncertainty. He further alleges that on October 28, 1936, he was charged in four informations filed in the Superior Court of the City and County of San Francisco with four separate offenses, two being robbery, one assault with a deadly weapon, and the other a violation of section 2, chapter 339, of the Statutes of 1923 (gun law) [Deering's Gen. Laws, 1937, Act 1970]; that the informations also charged certain prior felonies, but did not allege that defendant had served terms of imprisonment in penal institutions therefor; that on arraignment he admitted having suffered three prior convictions of felony, but pleaded not guilty to the charges in the informations; that after trial he was found guilty as charged, and that judgment pronounced on the first charge of robbery was that defendant be adjudged an habitual criminal, that he be punished by imprisonment in the State prison for life and that he not be eligible for release on parole until he had served a minimum of twelve years, said sentence to run consecutively with sentences imposed on the other three charges; that judgments on the second robbery charge and the assault charge were the same as that on the first robbery charge, and that judgment on the gun law charge was that he be imprisoned in the state prison, said sentence to run consecutively with sentences on the other

three charges, but this latter judgment did not adjudge him an habitual criminal; that in 1941 ·he filed a motion in the trial court to annul and vacate the habitual criminal adjudication in the foregoing judgments, and on September 11, 1941, the trial court made and entered an order which recited that the prior convictions in the informations had been improperly pleaded, and which ordered that the judgment and sentences in said actions be modified "by striking therefrom the portion thereof declaring said Robert Schenk an habitual criminal," but that said judgments in all other respects remain unchanged.

A writ of habeas corpus having issued, respondent, the warden of the state prison, produced the prisoner in court, and filed an answer and return to the writ, denying that petitioner's imprisonment is illegal, and attaching to said return as a part thereof the minutes of the trial court showing that at the time of the pronouncing of sentence upon Schenk, *proof* was made that he had served terms of imprisonment on his prior convictions.

It is the contention of petitioner that the informations in which he was charged with robbery and assault with a deadly weapon were insufficient as a basis for adjudging him an habitual criminal in that they did not charge that he had served terms of imprisonment on said prior convictions; that the trial court had no power to fix the term of imprisonment, as jurisdiction so to do was vested in the Board of Prison Directors; that in sentencing him to serve consecutive sentences the court violated section 669 of the Penal Code; and that the sentences, except that under the gun law, are void for uncertainty.

Respondent contends that since *proof* was made that defendant had served terms of imprisonment under his prior convictions, the failure to allege such service in the informations does not render the sentences imposed invalid; that defendant was properly sentenced as an habitual criminal; that the attempted modification of the judgments by the trial court was in excess of its jurisdiction and its order modifying them was invalid and can be ignored; and that if the trial court was without power to fix the term of defendant's imprisonment or provide that he should not be released on parole until he had served a minimum of twelve years, such portion of the judgments can be considered as surplusage without invalidating the judgments.

In support of his contention that the portion of the judgments adjudging him an habitual criminal are invalid because of the failure of the informations to allege that he had served terms of imprisonment on the alleged prior convictions, petitioner cites and relies upon *People* v. *Murray,* 42 Cal. App.2d 209 [108 P.2d 748], *In re Boatwright,* 216 Cal. 677 [15 P.2d 755], and *People* v. *Dawson,* 210 Cal. 366 [292 P. 267]. He alleges that he admitted the prior convictions, but only as charged in the informations. He does not contend that he did not serve terms thereon, nor does he allege that proof was not made in the trial court as to such imprisonment.

While in *People* v. *Murray, supra,* there is language which might be construed as requiring that service of terms of imprisonment on prior convictions must be both alleged and proven, in that case there was neither allegation nor proof. The court said at page 218:

". . . the record does not show that any evidence was offered to prove that appellant served terms of imprisonment for any of said prior convictions nor that he admitted having done so; nor does the judgment contain any finding to that effect; therefore, under the doctrine of the cases above cited, unless it appears that the informations contain appropriate affirmative allegations that as a result of the prior convictions of robbery and burglary appellant served terms of imprisonment, the adjudication that he is an habitual criminal cannot be sustained."

The inference from the foregoing is that had there been proof in that case that the prior sentences had been served, that would have been deemed sufficient.

In the Boatwright case, where the information did not allege that the petitioner had served time upon each of the prior convictions charged therein, the court said that section 669 of the Penal Code did not make such an allegation an essential part of the pleading, and added, page 681:

"It was essential, however, that *proof* of service under said prior convictions in a penal institution be shown, in order to give the court jurisdiction to adjudge the defendant an habitual criminal. At least three felonies having been alleged against petitioner, for each of which he admitted, before the pronouncing of judgment, that he had served a term in a penal institution, as required by section 667 of said Penal

Code, as it stood at the time of conviction, we are of the view that the fact that the information was silent on this subject would not entitle him to his discharge. It may be observed that the better practice would be to allege service of time under said prior convictions, but inasmuch as the petitioner admitted before the court pronounced its sentence upon him that he had served a term in a penal institution upon three of said prior convictions, we are at a loss to understand how he could have suffered any prejudice by a failure of the information to contain the matter which was necessary to give the court jurisdiction to adjudge him to be an habitual criminal.

"Section 4½, article VI, of the Constitution provides: 'No judgment shall be set aside, or new trial granted, in any case, . . . for an error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' " (Italics ours.)

In *People* v. *Nicholson*, 34 Cal.App.2d 327 [93 P.2d 223], the information did not allege that defendant had served terms of imprisonment on prior felonies charged therein, but the court said that since the informations complied with the provisions of section 969 of the Penal Code, they were not void merely because the service of terms in connection with the prior convictions was not alleged therein. It held, however, that it was necessary that the fact that terms had been served should be established *either by evidence or by the admission of defendant* before judgment was pronounced; and as the record there failed to show either admissions or proof, the cause was remanded for a new trial and the production of such proof.

Again, in *People* v. *Spalis*, 56 Cal.App.2d 869 [133 P.2d 679], the information did not allege that defendant had served terms of imprisonment on prior convictions alleged therein; defendant denied said prior convictions, but proof of same was made, and the jury found that he had suffered the three priors as charged. No appeal was taken, and some ten years later defendant moved to set aside the judgment, contending that the trial court had no jurisdiction to adjudicate him an habitual criminal in the absence of an allegation that he had served terms of imprisonment on said prior convictions. The court said that in 1931, at the time of defen-

dant's sentence, it was not necessary under the law to allege, prove or find, under section 644 of the Penal Code, that a defendant had served terms on the charged priors in order to adjudicate him an habitual criminal. (*In re McConnell*, 5 Cal.2d 436 [55 P.2d 205].) It also said, pages 873-874:

"If it be assumed that since the 1931 amendment to section 644 of the Penal Code it is necessary to allege and prove that separate terms were served on the prior convictions, it is well settled that an information that is deficient in this respect can be cured by evidence of the fact, or by the admission of the defendant. (*People* v. *Murray*, 42 Cal.App.2d 209 [108 P.2d 748]; *In re Boatwright*, 216 Cal. 677 [15 P.2d 755]; *People* v. *Nicholson*, 34 Cal.App.2d 327 [93 P.2d 223].) Although the reporter's transcript of the original trial was not produced, at the hearing on the present motion the district attorney read into the record a portion of the minutes of the main trial. Those minutes showed that the State had introduced into evidence three certified copies of commitments against defendant, together with his fingerprints, photographs, and Bertillon cards. Those commitments showed that defendant had served one term in San Quentin and two terms in Folsom. The record on the present appeal does not show any direct connection between those commitments and the priors charged in the information. Even if this evidence did not show service of terms on the priors, and assuming such proof was jurisdictional, it must be remembered that the burden of proof on the present motion was on defendant. Through no fault of his own, but equally through no fault of the prosecuting officials, he has been forced to appeal on a transcript of what amounts to a judgment roll. Under such circumstances, it is the law that in support of the judgment, and in the absence of a contrary showing, this court must presume that evidence was introduced or defendant admitted the service of time on the priors. (*People* v. *McGee*, 24 Cal. App.2d 391 [75 P.2d 533].)"

Petition for hearing in the Supreme Court was denied in the foregoing case.

██ In the case before us the minutes of the court sufficiently show that the prior terms served were for the prior crimes alleged in the informations; and upon the authority of the cases above cited, and in view of section 4½ of article VI of the Constitution, we do not believe that the failure of the informations to allege the service of terms of imprison-

ment on such prior convictions resulted in a miscarriage of justice, or justifies petitioner's discharge from custody.

▇ As to petitioner's contention that the amendment of his sentences as made by the trial court when it struck out the portions thereof adjudging him an habitual criminal rendered all judgments but that upon the gun law charge void for uncertainty, and respondent's contention that the trial court's attempted amendment was ineffective and should be disregarded, the latter contention must be sustained.

On October 28, 1936, when petitioner was sentenced, section 644 of the Penal Code, as amended in 1935 (Stats. 1935, p. 1699), provided that "every person convicted in this State of any felony who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any State prison . . . of the crime of robbery, . . . assault with intent to commit murder, . . . felonious assault with a deadly weapon, . . . shall be adjudged an habitual criminal and shall be punished by imprisonment in the State prison for life and shall not be eligible for release on parole until he shall have served a minimum of at least twelve years . . . provided, that in exceptional cases, *at any time not later than sixty days after the actual commencement of imprisonment,* the court may, in its discretion, provide that the defendant is not an habitual criminal, and in such case the defendant shall not be subject to the provisions of this section." (Italics ours.)

In *People* v. *Jones,* 6 Cal.2d 554 [59 P.2d 89], defendant pleaded guilty to a charge of forgery committed while on parole, and admitted three prior felony convictions. He was adjudged an habitual criminal and sentenced to state prison. Some months later, on defendant's motion, the trial court made an order modifying the judgment by deleting therefrom all reference to defendant as an habitual criminal. The People appealed and the court held that the trial court was without authority to so amend, since more than sixty days had elapsed after defendant began the serving of his sentence before the order amending was made.

The next question, then, is whether the judgments as originally pronounced are valid judgments. The significant portion of the judgment in cause No. 27001 is as follows:

"That whereas, the said Defendant Robert Schenk having been duly convicted in this Court of the crime of Felony, to-wit: Robbery, first degree, and three prior convictions of a

Felony—It is therefore ordered, adjudged and decreed that the said Defendant Robert Schenk be adjudged an habitual criminal, and shall be punished by imprisonment in the State Prison of the State of California for life, and shall not be eligible for release on parole until he shall have served a minimum of at least twelve years, said sentence to run consecutively with sentence imposed in causes #27002-27014-27015.''

Judgment in cause numbered 27002 is the same, and that in cause numbered 27014 differs only in that the felony is described as ''Assault with a deadly weapon.'' The fourth judgment, in cause numbered 27015, does not adjudge defendant an habitual criminal, but it recites that defendant has been convicted of a felony (describing it) and two prior convictions of a felony, and adjudges that he be imprisoned in the State Prison, ''said sentence to run consecutively with sentence imposed in case 27001-27002-27014.''

Petitioner contends that the trial court had no power to fix his term of imprisonment as was done in the first three of the foregoing judgments, as jurisdiction so to do was vested in the Board of Prison Directors under section 1168 of the Penal Code. That section, at the time of petitioner's sentence in 1936, provided (Stats. 1935, p. 1700) that ''Every person convicted of a public offense, for which imprisonment in any reformatory or State prison is now prescribed by law shall, unless such convicted person be placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced to be imprisoned in a State prison, but the court in imposing the sentence shall not fix the term or duration of the period of imprisonment.'' The fixing of the term was by said section made the duty of the State Board of Prison Directors. It is obvious, then, that insofar as the judgments under consideration are concerned, the portions thereof purporting to sentence petitioner for life and providing that he should not be eligible for parole until he had served twelve years, were in excess of the power of the court. If, however, the judgments are otherwise sufficient, such portions thereof as are in excess of the power of the court may be dealt with as surplusage, and disregarded by the State Board in fixing the term of petitioner's imprisonment. (*People* v. *Valdez,* 3 Cal.App.2d 700, 702 [40 P.2d 592].)

If we disregard such portions of the judgments as surplusage, they provide: That whereas, the said Defendant Robert Schenk having been duly convicted in this Court of the crime of Felony, to wit: Robbery, first degree, and three prior convictions of a Felony—It is therefore ordered, adjudged and decreed that the said Defendant Robert Schenk be adjudged an habitual criminal, and shall be punished by imprisonment in the State Prison of the State of California, said sentence to run consecutively with sentence imposed in causes #27002-27014-27015.

While not recommended as a model, such a judgment is, we believe, sufficient and not void for uncertainty. Petitioner says that the matter of determining the length of his sentence is for the Board of Prison Terms and Paroles; and by treating as surplusage that portion of the judgments which fixes his sentence at ''life'' and provides that he shall not be eligible for parole until he has served at least twelve years, the matter of determining his sentence is left to that Board.

As for the further contention of petitioner that the trial court was without power to adjudge that his sentences should run consecutively, section 669 of the Penal Code, at the time of petitioner's sentence (and, apparently, at the time his offenses were committed) provided:

''When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment *shall* direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be.'' (Italics ours.)

It was, therefore, within the power of the court to provide that petitioner's sentences should run consecutively. But since petitioner was found to be an habitual criminal, and as such is subject to imprisonment for life under section 644 of the Penal Code; and, furthermore, since even if the habitual criminal factor were disregarded petitioner would be com-

pelled to serve the minimum sentence under each of the four crimes charged, and since he has not served such length of time, he is not entitled to his discharge, particularly since he alleges that the Board of Prison Terms and Paroles has not fixed his term of imprisonment.

The petition is denied and the writ discharged.

Peek, J., and Thompson, J., concurred.