[Crim. No. 6407. In Bank. May 29, 1959.]

In re GEORGE P. TARTAR, on Habeas Corpus.

*Assigned by Chairman of Judicial Council.

Lawrence W. Jordan, Jr., under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SCHAUER, J.—By application for habeas corpus petitioner seeks release from prison on the ground that he has already served more than the maximum term for the crime of which he was convicted (second degree burglary). His imprisonment under sentence and commitment for this crime began in 1930, and the Adult Authority has chosen to treat him as serving a life sentence. This court issued an order to show cause and appointed counsel for petitioner.

The question is whether, under the circumstances of this case, a finding and declaration by the trial court that petitioner is an habitual criminal under the provisions of section 644 of the Penal Code can be effectual to extend his term to life imprisonment. We have concluded that by reason of certain expressly declared retroactive provisions included in section 644 when it was amended in 1931[1] to require a showing of service of terms of imprisonment upon prior convictions as a basis for making such prior convictions competent to establish the status of a defendant as an habitual criminal, petitioner is entitled to the relief he asks.

In June, 1930, petitioner pleaded guilty to second degree burglary committed on May 5, 1930, in the county of San Bernardino and admitted that he had "suffered the two prior convictions alleged in the amended information"[2] on charges separately brought and tried. As a basis for finding habitual criminality the statute did not then require a showing, and there was no allegation, that any term of imprisonment had been served. The court declared petitioner to be an habitual criminal and adjudged that he be "punished for the crime of burglary in the second degree by imprisonment in the State Prison . . . for the term prescribed by law." The maximum term for burglary in the second degree is 15 years (Pen. Code, § 461) and petitioner has already served more than that time. The maximum term for an habitual criminal was, and is, life, but since the 1945 amendment of section 644 burglary of the second degree has not been included among the substantive offenses upon conviction of which, with priors, habitual criminal status can be declared (Stats. 1945, ch. 934, § 1).

At the time petitioner was convicted in 1930, section 644 of the Penal Code provided that "Every person convicted in this state of any felony, who shall have been previously twice convicted upon charges separately brought and tried, either in this state or elsewhere, of the crime of robbery, burglary, [and various other listed crimes] . . . shall be adjudged an habitual criminal and shall be punished by imprisonment in the state

---

[1] We note that by Stats. 1941, ch. 106, p. 1080, section 644 was further amended and some of the material formerly there contained was distributed to other portions of the Penal Code and declared to be retrospective as well as prospective in application, but by reason of the conclusion we have reached we find it unnecessary to consider the possible effect of such legislation on this case.

[2] The amended information alleged that one of such prior convictions was of the felony of burglary in Oklahoma and the other was that of robbery in Nebraska.

prison for life and shall not be eligible for release on parole until he shall have served . . . at least twelve years. Every person . . . who shall have been previously three times convicted . . . of any felony, shall be punished by imprisonment in the state prison for not less than life and shall not be eligible to parole." (Stats. 1927, p. 1066.) However, in 1931 the section was amended to require, among other things, a showing that the defendant had actually served a term of imprisonment in a "state prison and/or federal penitentiary" upon each prior conviction on a charge "separately brought and tried" that is to be used as a basis for a determination of habitual criminal status. (Stats. 1931, p. 1052.) The amendment further specifically declared that "The provisions of this act shall be retroactive, and be deemed and construed to apply to *every person heretofore convicted* of *and imprisoned* for the crimes herein enumerated [including "burglary"]." (Italics added.) Section 644 has also undergone five subsequent amendments, but the requirement of a showing of service of a term of imprisonment in an appropriate penal institution for each prior conviction which is to be a basis of habitual criminal punishment has at all times been retained.

We note that Penal Code, section 969, which provides in general terms how the fact of a prior conviction shall be alleged was enacted in 1905 (Stats. 1905, p. 772), and although amended in 1927 (Stats. 1927, p. 1152) and again in 1951 (Stats. 1951, ch. 1674, § 57), does not specify a requirement that the information or indictment allege that a term of imprisonment has been served on each prior charged. But this fact is immaterial in determining the sufficiency of the pleading and proof, and verdict or finding, essential to establish a prior conviction which may constitute a part of the basis for imposing the punishment prescribed by section 644. The latter section was not enacted until 1923. (Stats. 1923, p. 237.)

Only a conviction for one of the crimes specified in section 644 (or its equivalent in another jurisdiction) coupled with the actual service (in a penal institution) of a term of imprisonment for such conviction can now be considered as a part of the foundation for such punishment. Section 969, when it was enacted in 1905, presumably had reference to alleging prior convictions of the character which by section 666, as amended at the same session of the Legislature (Stats. 1905, p. 667), provided that "Every person who, having been convicted of petit larceny, or of any offense punishable by imprisonment in the state prison, commits any crime after such

conviction, is punishable therefor as follows:" (1) If the punishment for a first offender would be "imprisonment in the state prison for any term exceeding five years" then the punishment for a subsequent offender shall be "imprisonment . . . not less than ten years" and (2) if the punishment for a first offender would be "imprisonment . . . for five years, or any less term," then the punishment for a subsequent offender shall be "imprisonment . . . not exceeding ten years." It thereupon (if not before) became material that indictments and informations allege the fact of prior convictions without the necessity, in situations not encompassed by the subsequently enacted section 644, of alleging and proving that a term of imprisonment had been actually served in a penal institution. Therefore, the failure of section 969 to require specific allegation of the service of such term of imprisonment cannot be regarded as controlling here. ■ The finding of facts as to prior convictions, regardless of whether terms of imprisonment were served is, of course, still material for proper prison administration, particularly where the system encompasses the indeterminate sentence law. (Pen. Code, § 1168; see also Stats. 1931, pp. 1053, 1054.)

■ It is unnecessary for us to determine in this proceeding whether an indictment or information must as an absolute prerequisite, if it is to establish a basis for sentencing the defendant as an habitual criminal, specifically allege not only the fact of the prior conviction but also the fact that a term of imprisonment in a penal institution was served. Certainly such allegation should be made. If it is not pleaded, then the special verdict required by section 1158 ("We find the charge of previous conviction true") would establish no greater extent of guilt than that encompassed in the charge. Section 1158 further specifies that "If more than one previous conviction is charged a separate finding must be made as to each" and, obviously, if the finding is to affect the status of a defendant for punishment under section 644 the nature and elements of the particular crime and the fact as to service of sentence therefor must be determined.

■ In 1934 petitioner, apparently having been informed that he was being held as serving a life term, applied for habeas corpus as a method of adjudicating his status. The District Court of Appeal (in *In re Tartar* (1934), 1 Cal.App.2d 400 [36 P.2d 419], citing *People* v. *Dawson* (1930), 210 Cal. 366, 372 [6] [292 P. 267]) held that "The information failed to allege petitioner had served any term for the prior convic-

tions, which is prerequisite to holding petitioner to be an habitual criminal . . . However, the petition is premature, for the punishment of burglary of the second degree is one year to fifteen years (Pen. Code, § 461), and it is apparent petitioner has not yet served the term for which he was legally committed. Writ denied.'' Habeas corpus was a proper remedy and it was the duty of the court to adjudicate the issue. (*In re Chapman* (1954), 43 Cal.2d 385, 387 [1] [273 P.2d 817]; *In re Chessman* (1955), 44 Cal.2d 1, 6 [1] [279 P.2d 24].) The holding that the application was premature is inconsistent with the holdings of this court in such cases as *In re McVickers* (1946), 29 Cal.2d 264 [176 P.2d 40]; *In re Seeley* (1946), 29 Cal.2d 294 [176 P.2d 24]; *In re Chapman* (1954), *supra*; and *In re Chessman* (1955), *supra*, and is in that respect disapproved.

■ Insofar as concerns establishment of the status of an habitual criminal by plea of guilty to the charges laid it is the rule that the defendant shall be regarded as having ''pleaded guilty only to as great a charge as was contained in the information.'' (*People* v. *Dawson* (1930), *supra*, 210 Cal. 366, 373 [7]; *People* v. *Murray* (1940), 42 Cal.App.2d 209, 219 [9] [108 P.2d 748].) ■ ''Furthermore, if there be any reasonable doubt as to identity of offense we are bound to resolve that doubt in favor of petitioner.'' (*In re Bramble* (1947), 31 Cal.2d 43, 51 [6] [187 P.2d 411].) ■ It has also been held that since the amendment of section 644 of the Penal Code in 1931, adding the requirement of service of terms of imprisonment, ''in order to invoke the operation of the habitual criminal statute the prosecution . . . must allege and prove that the accused has served a term of imprisonment . . . for the particular felony of which he is charged with having been previously convicted, and that the failure to allege or prove such servitude is fatal to the adjudication, unless it appears from the record in some manner that the accused has admitted having served such term of imprisonment or that the court in its judgment has so found.'' (*People* v. *Murray* (1940), *supra*, 42 Cal.App.2d 209, 217 [7], and cases there cited; *In re Bertrand* (1943), 61 Cal.App.2d 183, 186-187 [142 P.2d 351]; *cf. In re Boatwright* (1932), 216 Cal. 677, 679-682 [15 P.2d 755]; *In re Schenk* (1943), 61 Cal.App.2d 168, 170-174 [142 P.2d 343].) ■ Moreover, the rule is established that when language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted.

■ The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute. (*People* v. *Stuart* (1956), 47 Cal. 2d 167, 175 [7] [302 P.2d 5, 55 A.L.R.2d 705]; *People* v. *Smith* (1955), 44 Cal.2d 77, 79 [2] [279 P.2d 33]; *In re Bramble* (1947), *supra,* 31 Cal.2d 43, 51 [6, 7]; *In re McVickers* (1946), *supra,* 29 Cal.2d 264, 278; *People* v. *Valentine* (1946), 28 Cal.2d 121, 143 [20] [169 P.2d 1]; *People* v. *Ralph* (1944), 24 Cal.2d 575, 581 [2] [150 P.2d 401].)

■ Inasmuch as there was no allegation, proof, admission, or finding that petitioner served terms of imprisonment on the priors charged against him, it follows that the determination that he was an habitual criminal became ineffectual when in 1931 section 644 was amended and the amendment was expressly made applicable to "every person heretofore convicted . . . and imprisoned." Omission of the retroactive provision from any subsequent amendments of the section could not, of course, operate to restore a determination of habitual criminality which had previously been wiped out. (See Gov. Code, § 9607; Cal. Const., art. 1, § 16.)

■ Respondent urges, nevertheless, that certain statements in the report of the probation officer which was "filed, read and considered" by the trial court before judgment was pronounced on petitioner, indicate that petitioner actually did serve separate terms of imprisonment on the two prior convictions admitted by him. Such statements, however, are mere hearsay, do not constitute the equivalent of trial, proof, finding or "adjudication," in the sense in which it is used in section 644, and do not supply the missing element. (*Cf. In re Basuino* (1943), 22 Cal.2d 247, 250 [138 P.2d 297]; *In re Schneider* (1943), 23 Cal.2d 427, 429 [144 P.2d 329]; *In re Bramble* (1947), *supra,* 31 Cal.2d 43, 50; *In re Etie* (1946), 27 Cal.2d 753, 757 [167 P.2d 203]; *In re Marvich* (1946), 27 Cal.2d 503, 518 [165 P.2d 241]; *In re Valenzuela* (1945), 71 Cal.App.2d 198, 201 [162 P.2d 301]; *People* v. *Becker* (1947), 80 Cal.App.2d 691, 694-695 [2-4] [181 P.2d 958].)

Respondent relies also upon *In re McConnell* (1936), 5 Cal. 2d 436 [55 P.2d 205]. In that case when in 1936 a defendant convicted in 1928 of grand theft and adjudged an habitual criminal sought release on habeas corpus on the "theory . . . that proof of an essential element necessary to adjudge him an

habitual criminal is lacking, namely, service of a term of imprisonment on each of the prior convictions,'' this court declared: ''Petitioner's contention is based upon the present wording of Penal Code, section 644, as amended in 1931. The amendment added to the provision for two prior convictions the requirement that the accused have 'served a term therefor in any state prison and/or federal penitentiary.' But the section contained no such requirement in 1928, when petitioner was convicted, and there is consequently no merit in the argument.'' The writ was denied. However, the opinion does not discuss the expressly retroactive provision added to section 644 in 1931. Cases are not authority for propositions not considered. (*Fricker* v. *Uddo & Taormina Co.* (1957), 48 Cal.2d 696, 701 [6] [312 P.2d 1085]; *Maguire* v. *Hibernia S. & L. Soc.* (1944), 23 Cal. 719, 730 [146 P.2d 673, 151 A.L.R. 1062].) The same may be said of *People* v. *Spalis* (1943), 56 Cal.App.2d 869, 873 [1] [133 P.2d 679]; *Spivey* v. *McGilvray* (1938), 29 Cal.App.2d 357, 359 [1, 2] [84 P.2d 256]; *In re Schenk* (1943), *supra*, 61 Cal.App.2d 168, 171-173.

Because of our conclusion that petitioner is entitled to his discharge for the foregoing reasons, other contentions which he advances need not be discussed.

The petition for habeas corpus is granted and petitioner is ordered discharged from custody.

Gibson, C. J., Shenk, J., Traynor, J., Spence, J., and McComb, J., concurred.

Respondent's petition for a rehearing was denied June 24, 1959.