71 Cal.App.3d 884 (1977)
139 Cal. Rptr. 682
THE PEOPLE, Plaintiff and Appellant,
v.
JOHN LAMPASONA, Defendant and Respondent.
Docket No. 30222.
Court of Appeals of California, Second District, Division Five.
July 21, 1977.
*885 COUNSEL
Byron B. Gentry, City Prosecutor, and Courtlandt G. Crabtree, Deputy City Prosecutor, for Plaintiff and Appellant.
*886 Hollopeter & Terry and Charles Hollopeter for Defendant and Respondent.
OPINION
STEPHENS, J.
This is an appeal by the People (Pen. Code, § 1466, subd. 1(a)) from an order dismissing the action pursuant to Penal Code section 1385. The matter, which was transferred to this court from the Appellate Department of the Los Angeles Superior Court pursuant to rule 62(a) of the California Rules of Court, is before us on an "Agreed Settled Statement on Appeal."
The pertinent facts contained therein are these: defendant was charged with violating subdivision (a) of section 653m of the Penal Code. He pleaded not guilty. At a pretrial conference, counsel for both parties stipulated: "That if the case was tried the evidence would substantially prove that the defendant called the complaining witness on the telephone. The complaining witness was not in his office and the defendant left a message for the complaining witness to return his call. The complaining witness returned the defendant's call at which time the defendant used language which would constitute a violation of Section 653(m) [sic] of the Penal Code."
(1a) The trial court held, as a matter of law, that defendant did not fall within the purview of the statute because the complaining witness was the one who placed the call in which the offending language was used. For this reason the complaint was dismissed. This appeal followed.[1]
Section 653m of the Penal Code reads as follows:
"(a) Every person who with intent to annoy telephones another and addresses to or about such other person any obscene language or addresses to such other person any threat to inflict injury to the person or property of the person addressed or any member of his family, is guilty of a misdemeanor.
"(b) Every person who makes a telephone call with intent to annoy another and without disclosing his true identity to the person answering *887 the telephone is, whether or not conversation ensues from making the telephone call, guilty of a misdemeanor.
"(c) Any offense committed by use of a telephone as herein set out may be deemed to have been committed at either the place at which the telephone call or calls were made or at the place where the telephone call or calls were received."
(2) It is the policy of this state to construe penal statutes as favorably to the defendant as the language and circumstances allow. (Keeler v. Superior Court, 2 Cal.3d 619, 631 [87 Cal. Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].) A criminal defendant is entitled the benefit of every reasonable doubt, in questions of statutory interpretation as well as of fact. (Keeler v. Superior Court, supra; In re Tartar, 52 Cal.2d 250, 257 [339 P.2d 553].)
(3) The word "telephones" is a verb meaning to call on the telephone. (Webster's Third New Internat. Dict. (1966).) It refers to the person who places the call, not to the person who receives it. We have no way of knowing if it was the Legislature's intent, in enacting section 653m, to exclude the recipients of telephone calls from the stricture of the statute or whether this was done through inadvertence. It makes no difference.
In discussing the subject of statutory interpretation, Mr. Justice Frankfurter commented that "... Mr. Justice Holmes was wont to say with courteous downrightness, `I don't care what their intention was. I only want to know what the words meant.'" (Frankfurter, Foreward to Symposium on Statutory Construction (1950) 3 Vanderbilt L.Rev. 365.) Mr. Justice Holmes himself, writing for the court, explained why in McBoyle v. United States, 283 U.S. 25 [75 L.Ed. 816, 51 S.Ct. 212], wherein he stated: "Although it is not likely that a criminal will carefully consider the text of the law before he murders or steals, it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear.... [T]he statute should not be extended ... simply because it may seem to us that a similar policy applies, or upon the speculation that, if the legislature had thought of it, very likely broader words would have been used."[2]
*888 The understanding which the common world would derive from reading section 653m is that it applies only to one who places a telephone call to another. (4) Subdivision (c) of section 653m does not expand the substantive offense, but merely specifies where an action under the statute may be brought. (1b) Nor does the fact that the complaining witness was returning defendant's telephone call alter the result. In the first place, the complaining witness was under no obligation to return the call. In the second place, we know nothing about defendant's state of mind when he placed the first call to the complaining witness. For all we know the hostility which engendered the offensive language may have been triggered by something which the complaining witness said during his conversation with defendant or by something which occurred between the time defendant called the complaining witness and the time the latter returned the call. The interpretation which the trial court placed upon the statute was patently correct.
The judgment is affirmed.
Kaus, P.J., concurred.
ASHBY, J.
I respectfully dissent.
Defendant was charged in a complaint dated September 7, 1976, with a violation of Penal Code section 653m in that he did on or about August 26, 1976, "wilfully and unlawfully with intent to annoy, telephone RICHARD P. RODMAN ... and address to such person a threat to inflict injury to his person...."
At the pretrial conference in municipal court it was stipulated that "if the case was tried the evidence would substantially prove that the defendant called the complaining witness on the telephone. The complaining witness was not in his office and the defendant left a message for the complaining witness to return his call. The complaining witness returned the defendant's call at which time the defendant used language which would constitute a violation of Section 653 (m) of the Penal Code."
The trial court dismissed the complaint on the ground that although defendant had called the victim and requested that he call defendant, defendant did not personally place the call in which the prohibited language was used.
*889 The interpretation placed upon Penal Code section 653m by the trial court and the majority of this court does not appear to me to be "patently correct" as overstated by the majority. On the contrary, their interpretation of section 653m leads to an absurd result. The instant case does not involve a situation where the victim initiated a call to defendant and was subjected to language in violation of section 653m. Here defendant called the victim and when he fortuitously was unavailable requested the return call and then subjected him to the prohibited language in response to that call. Defendant used the prohibited language. The victim received the message defendant apparently intended to give him when defendant originally made his call and solicited the return call. It is clear that the Legislature intended to deter persons from telephoning other persons and making threats. It is not reasonable to so literally construe the language expressing that intent that the result is reached that a caller who threatens his intended victim on the originating phone call is in violation of section 653m but one who leaves word to be called and then makes his threats when the call is returned is not in violation. In People v. Barksdale, 8 Cal.3d 320 [105 Cal. Rptr. 1, 503 P.2d 257], the Supreme Court held at page 334: "`It is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend. [Citations.]'" The court said further in People v. Carroll, 1 Cal.3d 581, 584 [83 Cal. Rptr. 176, 463 P.2d 400]: "In considering the words of a statute, an appellate court is required to read the statute in the light of the objective sought to be achieved by it, as well as the evil sought to be averted."
A defendant is not relieved of culpability under section 653m because the victim's unavailability when defendant called results in his being subjected to the language prohibited by section 653m during the return call.
I would reverse the order of dismissal and permit the matter to be tried to determine whether all the elements necessary to satisfy the statute can be proved.
NOTES
[1] Defendant does not dispute the People's right to appeal under the circumstances.
[2] McBoyle, supra, involved the question of whether the word "vehicle" in the National Motor Vehicle Theft Act applied to airplanes. The court held that it did not.