[No. A030906. First Dist., Div. Four. Feb. 28, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
MARK DIANDA et al., Defendants and Respondents.

### COUNSEL

Arlo Smith, District Attorney, and Bernard David Walter, Assistant District Attorney, for Plaintiff and Appellant.

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, Grace Lidia Suarez, Deputy Public Defender, and Jack Morgan for Defendants and Respondents.

### OPINION

**POCHÉ, Acting P. J.**—Penal Code section 871.5 specifies that "When an action is dismissed by a magistrate . . . the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint. . . ."[1] We are required to determine, what it is that a prosecutor must do to "make a motion."

Following the dismissal of criminal complaints against defendants Mark Dianda, James Smothers, and Ronald Phoenix, the prosecutor filed separate

---

[1] Penal Code section 871.5 provides in relevant part: "(a) When an action is dismissed by a magistrate pursuant to Section 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387, or 1389, or a portion thereof is dismissed pursuant to those same sections which may not be charged by information under the provisions of Section 739, the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof and to reinstate the custodial status of the defendant under the same terms and conditions as when the defendant last appeared before the magistrate.

"(b) Notice of the motion shall be made to the defendant and the magistrate. The only ground for the motion shall be that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof.

"(c) The superior court shall hear and determine the motion on the basis of the record of the proceedings before the magistrate. . . .

"(d) Within 10 days after the magistrate has dismissed the action or a portion thereof, the prosecuting attorney may file a written request for a transcript of the proceedings with the clerk of the magistrate. The reporter shall immediately transcribe his or her shorthand notes . . . and file with the clerk of the superior court an original plus one copy, and as many copies as there are defendants . . . . The clerk of the superior court shall deliver a copy of the transcript to the prosecuting attorney immediately upon its receipt and shall deliver a copy of the transcript to each defendant . . . ."

Unless otherwise indicated, all further statutory references are to the Penal Code.

written motions pursuant to this statute for orders reinstating the complaints. Each motion was filed within 15 days of the respective dismissal, but none was heard until after that period had elapsed. The superior court denied all of the motions on the ground that it had no jurisdiction because the motion was not "before" the court within 15 days of its filing. The court explained its rulings as follows: "[I]f you read the statute the way I read it, the prosecutor may make a motion in Superior Court . . . . There is a difference between making a motion and noticing a motion. . . . What I am saying is that your motion has to be before me within fifteen days, in front of me. As I understand, within fifteen days before me at which time I will either grant the motion, deny the motion, [or] set up a briefing schedule. Before me. It has to be before me in fifteen days unless there is good cause or I grant an extension for whatever reason. That is the way I interpret it . . . I don't think I have jurisdiction and that is what I am ruling." The People have appealed from the orders denying their motions.[2]

■ The People contend that a motion is "made" for purposes of the 15-day period when the notice of motion and supporting papers are filed. Defendants, adopting the position of the superior court, reply that a motion is not "made" until a hearing is held on the merits of the motion. We agree with the People.

Unfortunately, neither section 871.5 nor any other provision of the Penal Code defines how or in what manner a motion is "made." The People urge that section 871.5 should be read in a manner akin to Code of Civil Procedure section 1005.5, which provides in pertinent part: "A motion . . . is deemed to have been *made* and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled. . . ." (Italics added.) No persuasive reason is advanced by defendants why a similar definition should not be adopted for purposes of section 871.5.

There are, however, several reasons such a construction will promote the general purpose behind the statute and such practical consequences are a legitimate guide to statutory construction. (*Beck* v. *County of San Mateo* (1984) 154 Cal.App.3d 374, 381-382 [201 Cal.Rptr. 365].)

The obvious purpose of section 871.5 is to provide a means by which the prosecution can obtain speedy review in the superior court of a magistrate's

---

[2]The orders are appealable. (§§ 871.5, subd. (f), 1238, subd. (a)(9).)

dismissal of a criminal complaint. To that end, section 871.5 specifies that the noticed motion must be made within 15 days. (§ 871.5, subd. (a), quoted at fn. 1, *ante*.) The same statute affords the prosecution 10 days within which to file a written request with the magistrate's clerk for a transcript of the proceedings. (§ 871.5, subd. (d), quoted at fn. 1, *ante*.)

Suppose for example that a timely request for a transcript is filed on day 10. When the request is filed, the magistrate's clerk must notify the court reporter who is directed to (a) "immediately" transcribe his or her shorthand notes, and (b) file an original plus copies of the transcript with the superior court clerk, who then must "immediately" "deliver" copies to the prosecutor and each defendant. (§ 871.5, subd. (d).) While the foregoing speaks clearly of the Legislature's intent that the process in preparing the transcript be completed as quickly as possible, it certainly does not require that all these matters be completed, including the hearing of the motion within five days of the date of the request.[3]

Defendants' contention would, in some situations, require that points and authorities in support and in opposition to the motion be prepared without benefit of the transcript of the preliminary hearing and that the court hear the motion also without benefit of the transcript. This would conflict with the plain command of subdivision (c) of section 871.5: "The superior court shall hear and determine the motion on the basis of the record of the proceedings before the magistrate. . . ." Thus in a real sense such a reading of section 871.5 would make meaningful superior court review unavailable.

However, adopting a definition of what it is to "make a motion" similar to that contained in Code of Civil Procedure section 1005.5, would make the statute a workable vehicle for obtaining review of dismissal orders while guaranteeing that the prosecution act quickly after the dismissal to seek such review.

In accordance with an approach to statutory interpretation that adheres to common sense practicality at the expense of technical nit picking (*Johnston v. Alexis* (1984) 153 Cal.App.3d 33, 42-43 [199 Cal.Rptr. 909]), we hold that within the meaning of section 871.5 a motion is "made" at the time of service and filing of the motion.

---

[3]Such an interpretation would have been mechanically impossible under the initial version of section 871 which required that the motion be made within *10* days of the dismissal. (See Stats. 1980, ch. 938, § 4, p. 2966.)

By way of additional clarification it is worth taking note of a 115-year backdrop to this problem which apparently caused some confusion to the parties. Way back in 1871, the California Supreme Court had occasion to interpret the statutory provision for a motion for a new trial in criminal cases. In *People* v. *Ah Sam* (1871) 41 Cal. 645, counsel for the defendant had made a written motion for a new trial; the trial court ordered the written motion stricken from the files and denied it. On appeal the defendant urged that the striking of the motion was error. The Supreme Court disagreed: "The statute neither required nor authorized this motion to be made in writing. It must be made viva voce . . . ." (*Id.*, at p. 651.) That holding was followed in 1933 by the Court of Appeal in *People* v. *Skoff* (1933) 131 Cal.App. 235, 239-240 [21 P.2d 118]: "The statute does not require the giving of a written notice of intention to move for a new trial, in a criminal case. The application for a new trial must be orally made to the court before the entry of judgment. (Sec. 1182, Pen. Code; *People* v. *Ah Sam,* 41 Cal. 645, 651.) In the case last cited the court said: 'The statute neither required nor authorized this motion to be made in writing. It must be made *viva voce.*' "

*Ah Sam,* notwithstanding its obvious venerable characteristics, is not relevant to the problem at hand because the statute there construed neither required nor authorized a written motion.[4] Here, by contrast, the statute contemplates a notice and therefore a written motion. (§ 871.5, subd. (b), quoted at fn. 1, *ante.*) The statute also contemplates a hearing on that motion: "[t]he superior court *shall hear* and determine the motion . . . ." (§ 871.5, subd. (c), quoted at fn. 1, *ante,* italics added.) Thus section 871.5 both authorizes and requires a written motion followed by a hearing. Nothing in *Ah Sam* precludes the Legislature from enacting such a scheme in criminal matters. And more importantly, nothing in *Ah Sam* requires this or any other court to construe section 871.5 in the manner urged by defendants.

Having served and filed notice of the motions to reinstate the complaints within 15 days of the magistrate's dismissals, the prosecutor complied with the requirements of section 871.5. The superior court therefore erred in concluding that it had no jurisdiction to consider the People's motions.

---

[4]Irrelevant for the same reasons is Witkin's general description of motion practice in criminal cases: "In civil cases the written notice of motion may be deemed the motion. [Citations.] There is no such statute for criminal cases, and the motion ordinarily must be made orally in court. (See *People* v. *Skoff* (1933) 131 C.A. 235, 239, [].)" (Witkin, Cal. Criminal Procedure (1963) § 22, p. 25.)

The orders denying the motions to reinstate the complaints are reversed and the matters are remanded to the trial court for further proceedings consistent with this opinion.

Channell, J., and Sabraw, J., concurred.

The petition of respondent Dianda for review by the Supreme Court was denied May 7, 1986.