[No. H002421. Sixth Dist. June 9, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
GARY MESARIS, Defendant and Respondent.

1378

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon, John W. Runde and Jerry Engler, Deputy Attorneys General, for Plaintiff and Appellant.

Stuart R. Rappaport, Public Defender, Phillip H. Pennypacker, Acting Public Defender, and Barbara B. Fargo, Deputy Public Defender, for Defendant and Respondent.

**OPINION**

**CAPACCIOLI, J.**—In this case we are asked to determine whether the superior court erred by granting respondent Gary Mesaris's Penal Code section 995 motion to dismiss where the motion was predicated upon a

violation of the 10-day rule set forth in Penal Code section 871.5, subdivision (e).[1] The matter comes to us on appeal by the People from the superior court's order granting respondent's motion to dismiss the charges against him.

## BACKGROUND

On August 19, 1985, a criminal complaint was filed alleging that respondent Mesaris and codefendants Diane Mesaris and Leslie Williams had cultivated marijuana (Health & Saf. Code, § 11358), possessed marijuana for sale (Health & Saf. Code, § 11359), and possessed concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)).

On February 21, 1986, the magistrate refused to hold any of the defendants to answer, finding that although sufficient evidence existed to support the charges, the evidence had to be suppressed on Fourth Amendment grounds; specifically, the magistrate relied upon the opinion of the Court of Appeal in *People* v. *Ciraolo* (1984) 161 Cal.App.3d 1081 [208 Cal.Rptr. 93].

On March 7, 1986, pursuant to Penal Code section 871.5, the People filed a motion in superior court seeking reinstatement of the complaint. On April 14, 1986, the superior court, after holding a hearing on the motion, took the matter under submission awaiting decision by the United States Supreme Court of the then-pending *Ciraolo* case. On May, 19, 1986, the United States Supreme Court filed its opinion reversing the Court of Appeal in *California* v. *Ciraolo* (1986) 476 U.S. 207 [90 L.Ed.2d 210, 106 S.Ct. 1809]. On May 29, 1986, in reliance on that opinion, the superior court filed a written order granting the People's motion to reinstate the complaint. Copies of the order were sent to all counsel, including the district attorney.

On June 16, 1986, the magistrate resumed the preliminary hearing, over respondent's objection pursuant to Penal Code section 871.5, subdivision (e), that the magistrate had lost jurisdiction to resume proceedings because more than 10 days had elapsed since the superior court had ordered resumption of the proceedings before the magistrate. The magistrate found as a matter of fact that the municipal court had never been formally notified by the superior court of the filing of the reinstatement order on May 29, 1986. At the conclusion of the preliminary hearing, respondent was held to

---

[1] Section 871.5, subdivision (e) provides: "When a court has ordered the resumption of proceedings before the magistrate, the magistrate shall resume the proceedings and when so ordered, issue an order of commitment for the reinstated offense or offenses within 10 days after the superior court has entered an order to that effect or within 10 days after the remittitur is filed in the superior court. Upon receipt of the remittitur, the superior court shall forward a copy to the magistrate."

answer on all three charges; bench warrants were issued for his codefendants.

On June 23, 1986, respondent Mesaris was alone charged by information with the same three violations of the Health and Safety Code. He was arraigned and pleaded not guilty to the charges. A trial date was set for August 12, 1986.

On June 24, 1986, the superior court filed an order previously prepared by the district attorney directing the magistrate to resume proceedings in the case pursuant to Penal Code section 871.5. Alternatively, the order was termed a "remittitur."

On June 30, 1986, a preliminary hearing commenced in municipal court at which the magistrate ruled it had lacked jurisdiction when it held respondent to answer earlier that month, that the original holding order was therefore void, that the superior court's June 24th order was valid, and jurisdiction had been transferred back to the municipal court. At this preliminary hearing, the magistrate vacated the previous commitment order as to respondent; the court then issued a holding order as to Leslie Williams, the only defendant physically before the court, and issued bench warrants for both Gary and Diane Mesaris.

A further hearing was held in municipal court on July 7, 1986. The magistrate reiterated his earlier ruling that the June 16th holding order as to respondent was outside its jurisdiction. Over respondent's objection on jurisdictional grounds to the current proceedings, the magistrate continued with a preliminary hearing and held respondent and Diane Mesaris to answer on all counts.

On July 14, 1986, an amended information was filed realleging the three charges against respondent and adding Diane Mesaris and Williams as codefendants. The codefendants were arraigned and their pleas were taken. Respondent was neither rearraigned nor asked to enter pleas to the charges.

On August 12, 1986, pursuant to section 995 of the Penal Code, respondent filed a motion to dismiss on the specific ground that he was not committed by the magistrate within 10 days of the reinstatement order as prescribed by Penal Code section 871.5, subdivision (e).

The People opposed the motion to dismiss on three theories, (1) that the 10-day time limit of the statute was directory only, (2) that a violation of Penal Code section 871.5 does not require dismissal, and (3) that the

purported "remittitur" was valid and reconferred jurisdiction on the municipal court.

At the conclusion of the hearing held on that motion, the superior court granted respondent's motion to dismiss, and dismissed the charges as to him.

## DISCUSSION

On appeal, the People concede that the order of the superior court filed on June 24, 1986, styled an "Order to Magistrate to Resume Proceedings Pursuant to Penal Code section 871.5 Remittitur" was ineffective to reconfer jurisdiction on the municipal court.

Instead, the People now dispute the superior court's ruling that the 10-day rule of Penal Code section 871.5, subdivision (e), is mandatory and was violated, and that, as a consequence, the magistrate's holding order of June 16, 1986, was invalid. They argue that the ruling too rigidly construed and improperly applied section 871.5, subdivision (e), to the circumstances of this case.[2]

■ In that regard, they argue for the first time on appeal that "good cause" excused literal compliance with the statutory time limit. We agree with respondent that the People cannot raise this particular new theory for the first time on appeal. Despite the People's assertion that this issue presents only a question of law, they rely upon *factual* determinations such as the ignorance of the district attorney as well as the court that the reinstatement order had been filed to justify a "good cause" exception to the 10-day rule. In support of those "facts," they rely upon an unsworn statement made by the prosecutor at the June 16, 1986, hearing that he personally had "received it [the order] last week . . . ."[3] Clearly, had the prosecution raised the issue of good cause below, respondent would have been given the opportunity to fully develop an evidentiary record as to the exact date and time the order reached the district attorney's office, the number of prosecutors who had access to that order or who had actually seen it, what procedures exist, if any, within the district attorney's office to ensure that prompt

---

[2] Given the People's concession that the June 24, 1986, order was ineffective to reconfer jurisdiction on the municipal court, we consider all acts taken by the magistrate after that date in reliance upon the invalid order to be nugatory.

[3] Interestingly, a review of the record suggests that the district attorney's office did in fact have notice of the order well within the statutory period. The magistrate read a handwritten notation on the district attorney's copy of the reinstatement order which said, " 'Get Buzz [the Supervising Court Clerk for criminal matters] to send certified copy to Judge Gallagher to immediately calendar.' Then there's a date of June 4th, 'Check with Buzz; either he has done or will be done as soon as possible.' "

attention is given to orders of this nature, as well as the precise date when the order did reach the trial deputy involved in the June 16th hearing. (See *People v. Sirhan* (1972) 7 Cal.3d 710, 736-737 [497 P.2d 1121], overruled on another point in *Hawkins v. Superior Court* (1978) 22 Cal.3d 584, 593 [150 Cal.Rptr. 435 [586 P.2d 916]; *People v. Butler* (1980) 105 Cal.App.3d 585, 588 [164 Cal.Rptr. 475].)

■ The People also raise for the first time on appeal the theory that, like Penal Code section 859b, the 10-day rule in section 871.5, subdivision (e), should be read as only applying to defendants who are in custody. As this issue "presents only a question of law arising from facts which are undisputed," we consider this new ground advanced by the People. (*People v. Butler, supra,* 105 Cal.App.3d at p. 588.) ■ We refuse to read into the statute an "in custody" requirement.

It is true that Penal Code section 859b does contain an "in custody" requirement accompanying its 10-day rule: "Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea and the defendant has remained in custody for 10 or more court days solely on that complaint, unless . . . ." On the other hand, the Legislature has not seen fit to include similar language in Penal Code section 871.5, subdivision (e). ■ Where the drafters of legislation have carefully employed a term in one place and have excluded it in another, it should not be implied where excluded. (*Ford Motor Co. v. County of Tulare* (1983) 145 Cal.App.3d 688, 691 [193 Cal.Rptr. 511].)

Finally, having first conceded this issue in their opening brief, the People raise for the first time in their reply brief the untimely argument that the word "shall" in Penal Code section 871.5, subdivision (e), should be construed as directory rather than mandatory. Nevertheless, we briefly address the contention.

The People concede that it is ordinarily true that the word "shall" is to be construed as mandatory. ■ When language in a statute is susceptible to different interpretations, the construction more favorable to a defendant should be adopted; "a criminal defendant is entitled the benefit of every reasonable doubt, in questions of statutory interpretation as well as of fact. [Citations.]" (*People v. Lampasona* (1977) 71 Cal.App.3d 884, 887 [139 Cal.Rptr. 682].) ■ We therefore construe that word "shall" as establishing a mandatory time limit.

We agree with the People that, in response to cases which had held that the People had no right to appeal from a magistrate's dismissal of a felony

complaint and that the magistrate was powerless to dismiss a complaint, the Legislature amended a number of Penal Code sections to make clear a magistrate could dismiss a complaint, and added Penal Code section 871.5 to afford the People the right to appeal such a dismissal. (See Stats. 1980, ch. 938, p. 2965.) However, as an integral part of that same statutory system, the Legislature required the resumption of the proceedings before the magistrate within 10 days of the reinstatement order.

 Despite the mandatory language contained in Penal Code section 871.5, subdivision (e), no penalty for failure to provide this right is contained within the statute. We therefore must address the issue whether dismissal is the appropriate remedy for all violations of section 871.5, subdivision (e), regardless whether prejudice has been established, as the superior court reasoned below. We look to other Penal Code provisions which provide rights to defendants without providing for a concomitant remedy. For example, Penal Code section 825 provides that a person arrested has a right to be brought before the magistrate "without unnecessary delay, and, in any event, within two days after his arrest . . . ." The courts have concluded that a violation of a defendant's right to be taken before a magistrate without unnecessary delay does not require reversal or dismissal unless a defendant " 'shows that through such wrongful conduct he was deprived of a fair trial or otherwise suffered prejudice as a result thereof' . . . ." (*People* v. *Pettingill* (1978) 21 Cal.3d 231, 244 [578 P.2d 108], citing *People* v. *Combes* (1961) 56 Cal.2d 135, 142 [363 P.2d 4].) Similarly, "as regards the second paragraph of Section 859b, if the court sets a preliminary hearing for an out-of-custody defendant beyond 10 court days without his consent, no penalty should be imposed unless the defendant demonstrates that actual prejudice resulted to him from the delay." (Simons, Cal. Preliminary Examinations and 995 Benchbook Statutes and Notes (1987) § 1.1.2, p. 3, italics omitted.) By analogy, we hold that if the magistrate fails to comply with the time requirements as set forth in Penal Code section 871.5, subdivision (e), dismissal pursuant to Penal Code section 995 is not warranted unless the defendant demonstrates that actual prejudice resulted to him from the delay. Of course, as with section 825, the magistrate should make every effort to provide a defendant facing reinstatement of a complaint with the right granted in section 871.5, subdivision (e).

The order appealed from is set aside. The case is remanded to the superior court for further proceedings on respondent's motion to dismiss in accordance with the views expressed herein, to determine whether any

prejudice resulted from the delay which occurred from June 9, 1986, to June 16, 1986.

Agliano, P. J., and Brauer, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 14, 1988. Mosk, J., was of the opinion that the petition should be granted.