[No. B064774. Second Dist., Div. Four. Sept. 15, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
JEFFREY L. DETHLOFF, Defendant and Respondent.

COUNSEL

Ira Reiner, District Attorney, Maurice H. Oppenheim, Eugene D. Tavris and Brentford Ferreira, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Albert J. Menaster, Michael Russo and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Respondent.

OPINION

TAYLOR, J.*—The People appeal from the superior court's denial of their motion to reinstate a complaint, made pursuant to Penal Code section 871.5.[1] The magistrate had dismissed the complaint after granting the motion to suppress evidence made by defendant/respondent Jeffrey L. Dethloff (respondent).

Because we conclude that the People's section 871.5 motion was untimely and, consequently, that the superior court was without jurisdiction to consider the matter, we dismiss this appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 1990, pursuant to a felony complaint, respondent was charged with driving under the influence of alcohol or drugs and with having

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1]Subsequent statutory references are to the Penal Code unless otherwise indicated.

suffered four prior convictions for the same offense. (Veh. Code, §§ 23152, subd. (a), and 23175.)

On September 11, 1991, the preliminary hearing was held. The evidence adduced at the preliminary hearing, in sum, revealed that respondent was arrested after being stopped by Los Angeles police officers who saw some white light emitting from the cracked taillight of his car. The officers smelled alcohol on his breath, and a field sobriety test was administered, which respondent failed. It was stipulated that the urine test subsequently taken by respondent indicated a blood-alcohol level of .14 percent.

Respondent's four prior convictions for driving under the influence and a notice, which indicated that respondent's driver's license had been suspended, were admitted into evidence without objection.

After the People rested, respondent moved to suppress the evidence, pursuant to section 1538.5. He asserted that the deputies did not have a reasonable suspicion that he had violated the law by driving with a cracked taillight.

After recalling the arresting officer for further testimony, the court granted the 1538.5 motion on the ground that it was unable to find a statute which stated that driving with a cracked taillight was illegal.

As the People had no other evidence, respondent moved to dismiss for insufficiency of the evidence. The motion was granted.[2] The People informed the court that a section 871.5[3] motion would be made.

On October 1, 1991, the People filed a memorandum of points and authorities in superior court in support of a section 871.5 motion. The People argued that, pursuant to several Vehicle Code sections, respondent was in violation of the law when he drove a car with a cracked taillight, which was not completely red because it emitted some white light.

---

[2] The record before us does not identify the statutory basis upon which the magistrate dismissed the complaint. As respondent moved for dismissal on the ground of insufficiency of the evidence, we construe the order to be pursuant to section 871, which provides for dismissal of a complaint if "there is not sufficient cause to believe the defendant guilty of a public offense. . . ."

[3] In pertinent part, section 871.5, provides: "(a) When an action is dismissed by a magistrate pursuant to Section . . . 871 . . . , the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof. . . . [¶] (b) Notice of the motion shall be made to the defendant and the magistrate. The only ground for the motion shall be that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof."

On October 4, 1991, the hearing on the section 871.5 motion as held. The superior court denied the motion, finding that the magistrate at the preliminary hearing had not erred as a matter of law.

This timely appeal followed.

## DISCUSSION

■ Preliminarily, we note that "[t]here is no inherent or common law right of appeal, and an appeal from any . . . order, by either the defendant or the People, must be expressly authorized by the Constitution or statutes. [Citations.]" (6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3137, pp. 3876-3877.)

■ Section 871.5 establishes a procedure for superior court review of a magistrate's dismissal of a criminal complaint. (*People v. Dianda* (1986) 178 Cal.App.3d 174, 176-177 [223 Cal.Rptr. 635].) The review provided has the same nature as an appeal since "[t]he only ground for the motion [to reinstate the complaint] shall be that, *as a matter of law*, the magistrate erroneously dismissed the action. . . ." (Italics added.)[4] Further, this section provides a remedy, which is in the nature of an appeal, that would not otherwise be available to the People. We conclude, therefore, that this review procedure essentially vests the superior court with appellate jurisdiction and is appropriately governed by well-established principles of appellate review, including jurisdictional limitations.[5]

■ Section 871.5 requires the motion to reinstate the complaint to be made within 15 days of the dismissal of the action by the magistrate. "[W]ithin the meaning of section 871.5, a motion is 'made' at the time of service and filing of the motion." (*People v. Dianda, supra,* 178 Cal.App.3d at p. 177.)

Here, the complaint was dismissed on September 11, 1991, and the earliest possible date on which the People can be said to have filed their motion was on October 1, 1991, when the memorandum of points and authorities in support of the section 871.5 motion was filed.[6] This was the 20th day after the dismissal of the complaint. We conclude, therefore, that the superior court was without jurisdiction to hear the motion. (See 4 Witkin

---

[4]Section 871.5, subdivision (b), set forth, *ante,* in footnote 3.

[5]As we have interpreted this statute as one granting appellate review, the various cases cited by the People which discuss mandatory versus permissive language and directory versus mandatory provisions, are inapplicable to the case at bench.

[6]The record on appeal does not include any evidence of when the motion was served on respondent and the magistrate, as required by section 871.5, subdivision (b).

& Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 1991, pp. 2351-2353.)

█ The People object, asserting that respondent failed to make this objection below; respondent had notice on the date of the dismissal when the prosecutor commented that an 871.5 motion would be made; and that, in any event, respondent has not shown that he suffered any prejudice as a result of the People's failure to abide by the requirements of the statute. None of these assertions cure the defect.

If a court is without jurisdiction, no amount of consent or estoppel can bestow it. (See *Griggs* v. *Superior Court* (1976) 16 Cal.3d 341, 344 [128 Cal.Rptr. 223, 546 P.2d 727]; 4 Witkin & Epstein, Cal. Criminal Law, *supra*, Jurisdiction and Venue, § 1822, p. 2159.)[7] Respondent's failure to raise his jurisdictional objection below, therefore, does not preclude him from doing so on appeal.

The People argue that respondent had actual notice of the impending section 871.5 motion because the prosecutor mentioned in open court that the People would bring such a motion. The prosecutor's comment was made during the course of discussion among the magistrate, the prosecutor and defense counsel and was nothing more than a statement of intent upon which the People chose not to act in a timely manner.

Moreover, there was no substantial compliance with the requirements of section 871.5, subdivision (b). In *Los Angeles Chemical Co.* v. *Superior Court* (1990) 226 Cal.App.3d 703 [276 Cal.Rptr. 647], this division discussed the requirements of section 871.5, subdivision (b), and determined that in that case the People had substantially complied with the statute when the People's 871.5 motion was filed on the 15th day and, instead of mailing the motion to defense counsel, the People hand delivered the motion on the following day (day 16). In addition, by declaration, the prosecutor stated that he had spoken with defense counsel well before the 15-day deadline and arranged a mutually convenient date for the hearing on the motion to occur. Finding that the hand delivery presented the defendant with the motion faster than if the motion had been sent by mail, and that the defendant had actual notice of the motion, we concluded that the 871.5 motion was timely filed.

---

[7]The People's reliance on *In re Horton* (1991) 54 Cal.3d 82 [284 Cal.Rptr. 305, 813 P.2d 1335], for the proposition that if one submits to jurisdiction, one is precluded from objecting later, is misplaced. *In re Horton* addressed the issue of whether a defendant whose counsel orally consented to a commissioner presiding over a criminal matter and defended throughout the trial without objection could later raise the lack of a written stipulation as a ground for reversal. There was no question in *In re Horton* that the superior court had the requisite jurisdiction to hear the matter.

The facts of the instant case, however, do not support a like conclusion. Here, the motion was filed on day 20, and the record is silent as to when the motion was served on the magistrate and respondent.

Relying on *People* v. *Mesaris* (1988) 201 Cal.App.3d 1377 [247 Cal.Rptr. 708], the People further assert that as respondent suffered no prejudice as a result of the their failure to comply with the requirements of section 871.5, subdivision (b), their noncompliance is excused. The *Mesaris* case, however, did not address the requirements at issue here; rather it focused solely on the section 871.5, *subdivision (e)*, requirement that the proceedings resume before a magistrate within 10 days of the superior court having reinstated the complaint.

■ In any event, when the action required to invoke appellate jurisdiction has not been taken within the relevant jurisdictional period—and applicable rules of construction and interpretation do not require the action to be deemed to have been taken—the reviewing court lacks all power to consider the matter; and considerations of prejudice, estoppel or excuse do not come into play. (See e.g. *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

DISPOSITION

The appeal is dismissed.

Woods (A. M.) P. J., and Epstein, J., concurred.