Andrew W. MARTIN, Petitioner— Appellant,

v.

Tom L. CAREY, Warden, Respondent— Appellee.

No. 03–16273.

D.C. No. CV–02–01137–WBS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided July 9, 2004.

Alister McAlister, Esq., Wilton, CA, for Petitioner–Appellant.

Andrew W. Martin, Vacaville, CA, pro se.

Robert Gezi, Office of the Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before GOODWIN, HUG, and TALLMAN, Circuit Judges.

MEMORANDUM *

Appellant Andrew Martin appeals the district court's denial of his petition for a writ of habeas corpus. Martin argues that the attorney who negotiated the plea in which he pleaded no contest to a count of heroin possession rendered ineffective assistance. Martin bases this claim on several theories, none of which is sufficient to support the claim.

We review the district court's denial of the habeas petition *de novo. Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003). Because this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Martin's habeas petition may be granted only if the state court decision on the merits of the habeas claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We "look through" the California Supreme Court's one-sentence denial of the writ to the last reasoned decision, which, in this case is the decision of the Yuba County Superior Court. *See Shackleford v. Hubbard,* 234 F.3d 1072, 1079, n. 2 (9th Cir.2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)). We independently review issues that were not directly addressed in the Yuba County opinion to determine whether the decision of the California courts not to grant the petition on those particular grounds was objectively unreasonable. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000).

■ Martin has not carried his burden of showing that his attorney's failure to request that Martin undergo a psychological examination prior to making his plea fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The evidence of psychological distress cited by Martin took place five months before Martin entered his plea. Given the amount of time between Martin's symptoms and the time of the plea agreement, his attorney was reasonable in not requesting a psychological examination.

■ Martin's argument that his attorney should have objected to his untimely arraignment for robbery is similarly without merit. Because Martin was not prejudiced in the robbery prosecution by the tardy arraignment, California law provides no basis to dismiss the robbery charge. *See People v. Combes,* 56 Cal.2d 135, 14 Cal.Rptr. 4, 363 P.2d 4, 7 (1961); *People v. Mesaris,* 201 Cal.App.3d 1377, 247 Cal. Rptr. 708, 712 (1988) (stating that California law authorizes dismissal of charge for untimely arraignment only when the defendant suffered actual prejudice as a result of the late arraignment). Therefore, his attorney's failure to object to the late arraignment did not prejudice Martin in the negotiation of his plea agreement.

■ A petition for habeas corpus may be used to collaterally attack a plea agreement only with respect to the voluntariness of the plea agreement. *Tollett v. Henderson,* 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Therefore, Martin waived his argument that his attorney should have conducted an independent toxicology test of the heroin when he made his plea. Martin admitted to the investigating officer that the substance was heroin, so independent toxicology testing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

902

would not affect the voluntariness of Martin's plea. Similarly, as Martin does not contest the officer's account of the search that lead to the discovery of the heroin, his attorney's failure to interview witnesses did not affect the voluntariness of his plea.

█ Martin argues that he had difficulty reaching his attorney, which affected the voluntariness of his plea. However, because Martin displayed a full understanding of the situation and his options at the plea colloquy, we conclude that Martin was not prejudiced by any difficulty he may have had reaching his attorney.

Finally, because there were no specific errors in this case, there is no cumulative error. *See United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir.1990).

Martin has not shown that the California courts were objectively unreasonable in their application of the law when they determined that his attorney's performance did not fall below an objective standard of reasonableness. The district court's denial of his petition is therefore AFFIRMED.