Filed 3/16/22  P. v. Ford CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SAMMIE LEE FORD,<br><br>     Defendant and Appellant. | A160038<br><br>(Sonoma County<br>Super. Ct. No. SCR-32085-1) |

        In 2003, defendant Sammie Lee Ford was sentenced to two 25 years to life sentences for two Sonoma County burglaries, and a 28-month sentence for a Los Angeles County burglary, which was to be served consecutively to the indeterminate terms.  In 2019, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that the 28-month sentence was illegal.  Ford asserted the CDCR's letter was a recommendation for recall and resentencing under former Penal Code section 1170, subdivision (d),[1] and he requested resentencing on all his counts.  The court

_____

        [1] Undesignated statutory references are to the Penal Code.  While this appeal was pending, Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill No. 1540) was enacted, which moved and amended former section 1170, subdivision (d)'s recall and resentencing provisions to section 1170.03.  (Stats. 2021, ch. 719, § 3, eff. Jan. 1, 2022.)  The new statute preserves the procedure by which the CDCR may request recalling a sentence.  (§ 1170.03, subd. (b)(1).)

1

disagreed, noted it was not recalling Ford's sentence, and denied his requests for resentencing on the indeterminate terms and the striking of a prior felony conviction. The court then modified the sentence for the Los Angeles County burglary to an aggregate seven-year term — six years plus a one-year enhancement for a prior prison term (§ 667.5, subd. (b)) — to be served concurrently to the two indeterminate sentences.

On appeal, Ford challenges the trial court's denial of his request for resentencing, arguing the CDCR's letter requested recall and resentencing, but the court failed to recognize that it had the authority to resentence him on the remaining aspects of his sentence. He also argues we must strike his prior prison term enhancement based on Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483) — legislation declaring invalid a prior prison term enhancement for nonsexually violent offenses. (Stats. 2021, ch. 728, § 3 [adding § 1171.1].) We agree with Ford on both points, reverse, and remand.

## BACKGROUND

As part of a 2002 plea agreement, Ford pleaded no contest to second degree commercial burglary in Los Angeles County Superior Court.[2] (§ 459.) The prosecutor moved to strike one of Ford's prior felony convictions so that he would not be subject to the "Three Strikes" law. (§ 1170.12, subds. (a)-(d).) He was thus sentenced to an aggregate term of seven years — the upper term of six years for burglary, and a one-year enhancement due to a prior prison term for a 1992 second degree robbery conviction. (§§ 461, 667.5, subd. (b).)

_____

[2] While this case was being briefed, Ford requested judicial notice of this court's records and opinions in his prior cases (A101999 and A138848), and we deferred ruling until the merits of the appeal. We now grant that request. (Evid. Code, § 452, subd. (d) [courts may take judicial notice of court records].)

2

Ford was thereafter transported to Sonoma County where he had an outstanding warrant for another commercial burglary case. There, in 2003, Ford was convicted of two counts of second degree commercial burglary. (§ 459.) The trial court also found Ford had two prior strike convictions — a 1992 second degree robbery conviction and a 1993 conviction for voluntary manslaughter. (§§ 192, subd. (a), 211.) The court imposed two 25 years to life sentences for the two burglary counts, to be served concurrently. Based on statements by Ford's counsel and the prosecutor regarding the appropriate sentence for Ford's Los Angeles County burglary conviction, the court also modified that sentence to a subordinate term of 28 months — one-third the middle term of 16 months, plus one year for the prior prison term — to be served consecutively to the indeterminate sentences.

After the passage of Proposition 36 — which reduced the punishment imposed for third-strike offenses that are not serious or violent, and allowing discretionary resentencing for those offenses — Ford asked the trial court to resentence him as a two-strike offender. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012), § 6; § 1170.126, subd. (b).) The court denied the request, noting that although Ford was eligible for resentencing under Proposition 36, he posed an unreasonable risk of danger to public safety. This court affirmed that decision. (*People v. Ford* (June 24, 2015, A138848) [nonpub. opn.].)

In 2019, the CDCR notified the trial court of an error in Ford's sentence. It stated that the sentence for the Los Angeles County burglary should have been computed without reference to the indeterminate terms. Rather than one-third the middle term of 16 months, the court should have imposed the full term for the Los Angeles County burglary, to be served consecutively with the sentences for the Sonoma County burglaries. The

3

CDCR noted the full term was one of the following: the lower term of 32 months, the middle term of four years, or the upper term of six years. The CDCR then asked the court to "review your file to determine if a correction is required. When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* [(1986)] 185 Cal.App.3d 831." (Underscoring omitted.)

Based on this letter, Ford asked the trial court to conduct a new sentencing hearing as if he had not previously been sentenced, and he specifically requested relief under Proposition 36 — the striking of one of his prior convictions. After a hearing, at which Ford was represented by counsel, the court determined the one-third middle term sentence for the Los Angeles County burglary was illegal.[3] But it stated it was not recalling the sentence under former section 1170, subdivision (d) — which allowed a court to, upon a request from the CDCR, resentence a defendant anew — "or any other authority. The Court is simply correcting a portion of the sentence that is erroneous." (Former § 1170, subd. (d)(1).) It acknowledged that although correcting errors in Ford's sentence "necessarily involves some discretionary choices, the Court disagrees with defendant's argument that the existence of those discretionary choices gives rise to a second opportunity to petition for

_____

[3] The parties do not dispute this sentence is illegal. When a person is convicted of two or more felonies, and a consecutive term is imposed, the principal term "shall consist of the greatest term of imprisonment" and the subordinate term for the consecutive offense must consist of "one-third of the middle term of imprisonment." (§ 1170.1, subd. (a).) This provision, however, only applies when all the terms of imprisonment are determinate. (*People v. Mason* (2002) 96 Cal.App.4th 1, 15.) It does not apply here, where there are both determinate and indeterminate sentences. (*Ibid.*) Rather, when imposing consecutive indeterminate and determinate sentences, the trial court must specify the determinate term imposed and calculate it independently of the indeterminate term. (Cal. Rules of Court, rule 4.451(a).)

relief under" Proposition 36. It declined to reconsider its prior ruling denying relief under Proposition 36. Instead, the court vacated Ford's 28-month consecutive sentence — one-third the middle term for the Los Angeles County burglary — and imposed a concurrent term of seven years — the upper term of six years plus the one-year prison term enhancement.

## DISCUSSION

Ford argues the trial court's rejection of his resentencing request was improper, and we must reverse and remand for a full resentencing hearing regarding all aspects of his sentence, including his indeterminate terms. He also argues we must strike his one-year prior prison term enhancement due to recently enacted Senate Bill No. 483. We agree with Ford, addressing each issue in turn.

### I.

Ford contends the trial court erroneously concluded the CDCR letter simply triggered a "sentencing correction proceeding" that did not create any right to reconsider other aspects of his sentence. He argues, to the contrary, that the court effectively resentenced him by modifying his determinate sentence for the Los Angeles County burglary. We agree the court's conclusion was erroneous. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 211 [decision on whether to recall a defendant's sentence reviewed for abuse of discretion]; *People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746 [decision resting on an error of law is an abuse of discretion].)

Generally, a trial court loses resentencing jurisdiction once execution of the sentence begins. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) A court, however, has the inherent power to correct *clerical* errors in a judgment to reflect the true facts. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) And, under former section 1170, subdivision (d) — the statute in effect

5

during the proceedings below — a court may also "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced" upon a recommendation from the Secretary of the CDCR.  (Former § 1170, subd. (d)(1); *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1835 [noting the statute authorizes trial courts "to exercise jurisdiction for a limited time after it normally would have lost jurisdiction"].)  Under that provision, the court here was entitled to reconsider every aspect of the sentence, not simply the illegal portion.  (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 (*Hill*) [resentencing for all subordinate counts appropriate after CDCR notified trial court a sentence contained an illegal term].)

The CDCR letter concerning Ford constituted a recommendation for recall and resentencing under former section 1170, subdivision (d)(1).  The CDCR identified an illegal sentence — the one-third middle term for Ford's Los Angeles County burglary conviction, served consecutively to his other sentences.  The CDCR noted "the determinate term shall be computed without reference to the indeterminate term.  Therefore, pursuant to Penal Code 1170.1(a), the full term for Los Angeles County Case . . . shall be imposed consecutive to Sonoma County Case."  (Boldface omitted.)  The letter cited *Hill*, which relied on former section 1170, subdivision (d) as the basis for a court's authority to recall and entirely resentence a defendant upon CDCR notification of an unauthorized sentence.  (*Hill*, *supra*, 185 Cal.App.3d at p. 834.)

This was not notice of a clerical error, such as a miscalculation of Ford's sentence or a discrepancy between the abstract of judgment and the sentencing record that the trial court has the inherent authority to correct.  (Compare with *People v. Humphrey* (2020) 44 Cal.App.5th 371, 379–380

[correcting an erroneous calculation of presentence credits in abstract of judgment, but defendant's sentence remained intact].)  Indeed, there is no discrepancy between court's pronouncement of the judgment and the abstract of judgment — both reflect the same illegal sentence.  Under these circumstances — request for recall and resentencing by the CDCR — the court had discretion under former section 1170, subdivision (d)(1) to resentence Ford on the other aspects of his sentence.  (Former § 1170, subd. (d)(1); compare with *Humphrey*, at pp. 379–380 [concluding defendant not entitled to resentencing because trial court simply resolved a clerical error].)  Its determination otherwise was erroneous.

Moreover, the trial court exercised its discretion to effectively resentence Ford, despite its statements otherwise.  In response to the CDCR's letter, the court was required to determine the proper sentence to impose for the Los Angeles County burglary and whether the sentence should be consecutive or concurrent to the sentences for the Sonoma County burglaries.  The court admitted this involved discretionary sentencing choices.  The CDCR further provided the court with several options for imposing a full term of imprisonment:  the lower term of 32 months, the middle term of four years, or the upper term of six years.  The court ultimately chose to impose a seven-year aggregate term to run concurrently to the Sonoma County burglary sentences.  Rather than simply correcting a clerical error pursuant to its inherent authority, as the People contend, the court assessed its options for sentencing and then substantively resentenced Ford under former section 1170, subdivision (d).  (*Hill*, *supra*, 185 Cal.App.3d at p. 834.)

To the extent the People contend this modification does not affect the length of Ford's sentence, this argument ignores the relevant inquiry — whether the trial court had the discretionary authority to resentence Ford on

7

other aspects of his sentence, such as his indeterminate terms. We reject the People's suggestion, relying on *People v. Massengale* (1970) 10 Cal.App.3d 689, that a trial court has the inherent authority to correct an unlawful sentence. *Massengale*, a case that predates former section 1170, subdivision (d)(1), noted a court is required to vacate an illegal sentence and impose a proper one "whenever the mistake *is appropriately brought to the attention* of the court." (*Massengale*, at p. 693, italics added.) Thus, *Massengale* did not create a rule allowing a court to sua sponte modify an illegal sentence under its inherent authority. Moreover, the People's additional argument that Ford is precluded from full resentencing because he invited the sentencing error is unconvincing.[4] True, in 2002, Ford's counsel asked the Sonoma County Superior Court to impose an erroneous term for Ford's Los Angeles County burglary conviction — one-third the middle term of 16 months rather than the full term. But the record does not indicate Ford's counsel made a conscious, tactical choice in proposing this incorrect sentencing term, i.e., invited error. (*People v. Cooper* (1991) 53 Cal.3d 771, 831 [no invited error where counsel may have acted out of ignorance or mistake].) Indeed, the prosecutor also agreed with Ford's counsel regarding the sentence, and the sentencing court mistakenly believed as well that the sentence was lawful. In any event, the invited error doctrine does not preclude a defendant

---

[4] We do not address the People's argument that Ford is precluded as a matter of equitable or judicial estoppel from gaining the benefit of resentencing, an argument raising questions of fact for the first time on appeal. (*People v. Mesaris* (1988) 201 Cal.App.3d 1377, 1382 [the People cannot raise new theory for the first time on appeal]; see also *Blaser v. State Teachers' Retirement System* (2019) 37 Cal.App.5th 349, 378 [doctrine of estoppel involves questions of fact for the trial court].)

from challenging an unauthorized sentence. (*In re Birdwell* (1996) 50 Cal.App.4th 926, 931 ["Even the doctrine of invited error is not a bar to the granting of habeas corpus relief to correct an unauthorized sentence."].)

For the above reasons, reversal and remand is necessary here. The new recall and resentencing standards from Assembly Bill No. 1540 apply on remand.[5] Under that recently enacted legislation, if the CDCR recommends recalling a sentence — which we have found happened here — there is "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety" — meaning there is an unreasonable risk the defendant will commit a new violent felony. (§ 1170.03, subd. (b) [citing § 1170.18, subd. (c)].) If a sentence is recalled, the court should "resentence the defendant in the same manner as if they had not previously been sentenced." (§ 1170.03, subd. (a)(1).) The court may consider "any pertinent circumstances which may have arisen since the prior sentence was imposed." (*Dix v. Superior Court, supra,* 53 Cal.3d at p. 460; § 1170.03, subd. (a)(4) [when "recalling and resentencing . . . the court may consider postconviction factors"].) The court must also "apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1170.03, subd. (a)(2).) We express no opinion on how the trial court must exercise this discretion.

## II.

While this appeal was pending, Senate Bill No. 483 added section 1171.1, subdivision (a), invalidating prior prison term enhancements for

---

[5] At our request, both parties submitted supplemental briefing regarding the relevance, if any, of Assembly Bill No. 1540, to the issues presented on appeal.

9

nonsexually violent offenses imposed any time prior to January 1, 2020. (Stats. 2021, ch. 728, § 3.) This legislation applies to Ford, who is currently serving a term of imprisonment for his prior prison term for a 1992 robbery conviction — a nonsexually violent offense. (Stats. 2021, ch. 728, § 1; see also § 1171.1, subds. (b)-(c).) The parties agree, as do we, this enhancement must be stricken.

## DISPOSITION

The order is reversed, and the matter is remanded to the trial court to hold a new hearing under section 1170.03 and to strike the one-year enhancement imposed under section 667.5, subdivision (b).

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.

A160038

11